ANGEL SOSA, demandante y apelado, *v.* SUCESIÓN DE JUAN MORALES DÍAZ, ETC., demandados y apelantes.

Núm. 8114.—*Sometido:* Marzo 4, 1941. *Resuelto:* Marzo 28, 1941.

*Mario Báez García*, abogado de los apelantes; *Pascasio Fajardo Martínez*, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

Angel Sosa era dueño de un colmado en Mayagüez en el cual Alejandro Rodríguez trabajaba como dependiente. Rodríguez adeudaba a Juan Morales Díaz la cantidad de $74.74 por concepto de provisiones que le vendió para un

colmado que tuvo Rodríguez antes de ser empleado por Sosa. Para hacer efectivo su crédito, Morales Díaz demandó a Sosa y a Rodríguez en la Corte Municipal de Mayagüez, bajo la teoría de que éstos eran socios. En aseguramiento de la efectividad de la sentencia que pudiera obtener, el 17 de septiembre de 1934 embargó el establecimiento de Sosa, y como consecuencia del embargo, las existencias todas fueron entregadas a Morales Díaz en concepto de depositario, cerrándose también el colmado. La corte municipal dictó sentencia contra Rodríguez y absolvió de la demanda a su codemandado Sosa. Apeló Morales Díaz para ante la corte de distrito y ésta, con fecha 11 de marzo de 1935, dictó igual sentencia que la municipal, por el fundamento de no existir "nexo contractual" entre Morales Díaz y Sosa. Devuelto el caso a la corte municipal, se entregaron a Sosa las mercaderías embargadas.

En reclamación de los daños y perjuicios que alegó habérsele irrogado con motivo del embargo, el 11 de julio de 1935 radicó Sosa este pleito en la corte inferior contra la sucesión de Juan Morales Díaz, compuesta de su viuda e hijos legítimos que se nombran en la demanda. Después de enmendarla dos veces, fué el caso a juicio, dictándose una sentencia a favor del demandante que condenó a los demandados a pagarle mancomunada y solidariamente la cantidad de $774.70 y las costas, sin incluir honorarios de abogado.

Arguyen los apelantes que la demanda no aduce hechos constitutivos de causa de acción. Sostienen que es insuficiente por no ser recobrables por remotos y especulativos, los daños reclamados, toda vez que de acuerdo con la opinión de la corte sentenciadora, al solicitar y obtener Morales Díaz el embargo, no procedió con malicia ni intención de perjudicar a los entonces demandados, y que de acuerdo con el caso de *Lowande* v. *Otero & Co.*, 15 D.P.R. 194, en estos casos sólo pueden reclamarse daños reales y no los especulativos.

La corte inferior, al dictar la sentencia apelada, se limitó a considerar los daños realmente causados y descartó por

completo aquellos que calificó de remotos o especulativos, conforme resulta del siguiente párrafo de la opinión:

"Por virtud de esta conclusión a que ha llegado la corte entiende que no procede condenar a los demandados a pagar daños especulativos, tales como la suma que alega el demandante que pagó por el punto de tienda embargado, cuentas a su favor que dejó de cobrar al ser embargado el establecimiento, pérdida del crédito que tenía el demandado, honorarios de abogado pagados en aquel procedimiento, pago de luz y agua y dependiente por el tiempo que estuvo el establecimiento cerrado, debiéndose concretar la sentencia a los daños reales sufridos por el ahora demandante con la pérdida de las provisiones y efectos embargados, beneficio dejado de obtener con su negocio, como causa inmediata y directa del embargo en los 6 meses que transcurrieron hasta la sentencia final del pleito en que se decretó el embargo, e intereses legales de dichas sumas." (T. de A., pág. 46.)

Las partidas de daños que la corte calificó como reales ascienden, según la demanda enmendada, a la cantidad de $1,350.90, sin incluir intereses, cantidad que excede de la necesaria para conferir jurisdicción a una corte de distrito.

■■ Aunque bajo otros apartados del alegato, sostienen los apelantes que el demandante no tiene causa de acción contra los demandados, porque la acción ejercitada es de carácter personal, y habiendo fallecido el causante del daño, la causa de acción murió con su persona, de acuerdo con la máxima *actio personalis moritur cum persona*. La citada máxima es exclusivamente de la ley común, y aunque este tribunal siempre ha tenido la tendencia de reconocer al ciudadano el pleno beneficio de los dos sistemas jurídicos—la Ley Común y el Derecho Civil—hasta llegar a formar uno que integre lo mejor y lo más justo de ambos, como se dijo en el caso de *P. R. Ry. L. & P. Co.* v. *Corte de Distrito,* 38 D.P.R. 340, 345–46, sin embargo, es preciso sostener que el principio encarnado en la máxima—que dicho sea de paso, está completamente desacreditada en las jurisdicciones donde impera la Ley Común—no ha prevalecido nunca en el Derecho Civil, ni puede prevalecer, por ser incompatible con el

principio fundamental que sostiene que el heredero es el continuador de la persona jurídica del finado. La acción personal que surgió a favor de Sosa contra Juan Morales Díaz no murió con la muerte de éste, quien por una ficción legal sigue viviendo, en lo que respecta a sus derechos y obligaciones, en la persona de sus herederos. A este efecto prescriben los artículos 610 y 603 del Código Civil:

"Art. 610.—Los herederos suceden al difunto por el hecho solo de su muerte, en todos sus derechos y obligaciones.

"Art. 603.—Los derechos a la sucesión de una persona se transmiten desde el momento de su muerte."

Véanse además del caso de *P. R. Ry. L. & P. Co.* v. *Corte de Distrito,* supra, los de *Pérez* v. *Sucrs. de M. Pérez & Co.,* 41 D.P.R. 852, y *Gastón* v. *Herederos de Franceschi,* 43 D.P.R. 300. Concedemos que hay ciertos derechos personalísimos que mueren con la persona, tales como el usufructo, el uso y la habitación, y la renta vitalicia que estuviera disfrutando el finado, la patria potestad, la tutela, etc., pero estos derechos personalísimos mueren con la persona, no porque sea de aplicación la indicada máxima, sino por la limitación contenida en la naturaleza misma de esos derechos.

Se quejan los apelantes de que la corte sentenciadora denegó su moción oral en la que solicitaban que se declarase prescrita la acción. Sin que se entienda que sancionamos la mala práctica de alegar defensas oralmente en procedimientos seguidos en cortes de récord, como lo son las de distrito, debemos declarar que la corte inferior aplicó correctamente la ley al resolver que el término de prescripción de esta clase de acciones empieza a correr desde que es firme la sentencia que resuelva el caso a favor del demandado o anule el embargo trabado. Desde ese momento y no antes, surge la causa de acción. Véase el reciente caso de *Martí* v. *Hernández,* 57 D.P.R. 819. Desde el 11 de marzo de 1935, en que se dictó la sentencia que puso fin al litigio a favor del demandado, ahora demandante, hasta el 11 de julio del mismo año, en que se radicó la demanda original de este

pleito, no había transcurrido el período de un año que para el ejercicio de las acciones de daños y perjuicios establece la ley.

■ Sostienen los apelantes que la corte inferior carecía de facultad para permitir enmendar la demanda a fin de incluir nuevos demandados que no aparecían en la demanda original y para corregir el error en que se había incurrido al alegar que Randolfo Morales, demandado como heredero, era también el administrador judicial de la herencia, cuando en realidad de verdad la administradora lo era la viuda Alejandrina Asencio, que desde un principio figuraba también como demandada como miembro de la sucesión. No erró la corte inferior al permitir tales enmiendas, ya que conforme dispone el artículo 140 del Código de Enjuiciamiento Civil, "puede la corte, en bien de la justicia y en los términos que fuesen justos, permitir a una de las partes enmendar cualquier alegación o procedimiento, *bien añadiendo o eliminando el nombre de alguna parte,* o corrigiendo un error en el nombre de la misma, *o en cualquier otro particular.*" (Bastardillas nuestras.)

El caso de *Melón Hnos. & Co., S. en C.,* v. *Muñiz de León,* 47 D.P.R. 91, invocado por los apelantes, no es aplicable. Allí se trataba de *sustituir el nombre de la única parte demandada por otra completamente distinta,* lo que equivalía a permitir el establecimiento de un pleito distinto al instado bajo la demanda original.

■ Con el fin de demostrar que no existía sociedad alguna entre Sosa y Rodríguez, se presentó por el demandante en este caso la patente industrial que a su nombre había expedido el Municipio de Mayagüez, en la que aparecía que el establecimiento de Sosa radicaba en una calle distinta de aquella en que realmente se hallaba; pero habiéndose demostrado con prueba testifical no controvertida, que el único establecimiento que había tenido Sosa en Mayagüez era el embargado, no erró la corte sentenciadora al admitir en evidencia la patente en cuestión.

■ No resolvió la corte inferior, como le imputan los apelantes, que los fiadores en la fianza para la expedición de la orden de embargo no tenían responsabilidad por los daños causados. Lo que muy acertadamente resolvió sobre este extremo, fué lo siguiente:

"Los demandados alegaron también, como cuestión de derecho, que en el presente caso la acción que se ejercita debió establecerse contra los fiadores de Juan Morales Díaz ante la Corte Municipal de Mayagüez para obtener la orden de embargo contra el ahora demandante, Angel Sosa, pero siendo responsables de un fianza para aseguramiento de sentencia, tanto los fiadores como el principal, si solidariamente tienen la misma responsabilidad, es, a juicio de la corte, opcional del perjudicado escoger para recobrar daños lo mismo a los fiadores que al principal, especialmente cuando estima el reclamante que el principal tiene solvencia suficiente para indemnizar los perjuicios causados, sin necesidad de recurrir a sus fiadores."

■ Intentaron probar los apelantes que Juan Morales Díaz constituía una sociedad de la cual era socio único y que a su fallecimiento esa sociedad continuó sus negocios bajo el nombre de Juan Morales Díaz, Sucrs., S. en C., sociedad esta última constituída por tres de los hijos de Juan Morales Díaz. Alegan los apelantes que esta sociedad como continuadora de la primera, y no los herederos de Juan Morales Díaz, es la que debió ser demandada.

En verdad no vemos cómo pueda alegarse seriamente, sin incurrir en el más grave de los absurdos, que existe una sociedad, ya sea civil o mercantil, con un solo socio. La palabra "sociedad" presupone la existencia de dos o más socios, y así resulta del artículo 1556 del Código Civil que la define así:

"La sociedad es un contrato por el cual *dos o más personas* se obligan a poner en común, dinero, bienes o industria, *con ánimo de partir entre sí las ganancias.*" (Bastardillas nuestras.)

Véase al mismo efecto el artículo 95 del Código de Comercio.

■ Donde sí incurrió en error la corte sentenciadora fué al declarar que las mercaderías embargadas tenían en la fecha del embargo un valor de $300 y que valorando las devueltas al disolverse el embargo, en la cantidad de $25, sufrió el demandante una pérdida material de $275. Esta conclusión es claramente errónea, pues tanto en la demanda original como en las dos enmendadas que sucesivamente se presentaron, el demandante alegó que las mercancías embargadas tenían un valor de $170.90 y que cuando se le devolvieron tenían un valor de $20, reclamando por ese concepto la cantidad de $150.90. Siendo ello así, la corte no podía conceder al demandante una cantidad mayor de la por él reclamada en la demanda, a pesar de que en el acto del juicio declaró que su mercadería, en la fecha del embargo, valía de $300 a $400. Por consiguiente, la sentencia debió dictarse por la cantidad de $510.90, o sea $150.90 por concepto de daños a la mercadería, más $360 por beneficio dejado de obtener durante las veinticuatro semanas que estuvo cerrado el establecimiento, aceptando la conclusión de la corte inferior de que el demandante vendía $100 semanales y que calculando un 20 por ciento de beneficio, luego de deducir los gastos, le producía un ingreso neto de $15 semanales.

■ No procede la condena de intereses desde la fecha del embargo, toda vez que no se trata de la reclamación de una suma líquida, como se resolvió en el caso de *Frías* v. *Berríos,* ante, pág. 137.

■ También incurrió en error la corte sentenciadora al condenar a las demandadas Georgina y Rosalina Morales Asencio como partes de la sucesión, toda vez que de acuerdo con la declaratoria de herederos que presentó el demandante en evidencia, estas dos personas no fueron declaradas herederas de Juan Morales Díaz.

Por lo expuesto, *procede modificar la sentencia apelada, de modo que su parte dispositiva lea así: Se declara con lugar la demanda en este caso interpuesta y se condena a todos los demandados, con excepción de Georgina y Rosalina*

*Morales Asencio, a pagar mancomunada y solidariamente al demandante la cantidad de $510.90, con intereses legales desde el 16 de marzo de 1939, fecha en que se dictó la sentencia apelada, más las costas, sin incluir honorarios de abogado, y así modificada, se confirma.*

El Juez Asociado Sr. Travieso no intervino.