B. SORRENTINI & CÍA., demandante y apelada, *v.* JULIO MÉNDEZ, demandado y apelante.

Número 11241.

*Sometido:* 11 de mayo de 1954. *Resuelto:* 10 de junio de 1954.

*Juan Nevares Santiago,* abogado de la apelante; *Carlos J. Ortiz, abogado de la apelada.*

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del tribunal.

La entidad B. Sorrentini y Compañía presentó en la Sala de San Juan del Tribunal Superior una demanda en cobro de pagaré contra Julio Méndez. Se alegó en la demanda que el demandado Julio Méndez otorgó y suscribió, el día 10 de junio de 1949, un pagaré a favor de la señora Justina Rivera, o a su orden, por la suma de $1,600 a vencer el 10 de junio de 1951; que el pagaré fué endosado por Justina Rivera, por valor recibido, a favor de la demandante el 8 de diciembre de 1950, o sea, antes de su vencimiento, siendo la demandante la tenedora actual del pagaré, y que el demandado no ha pagado el importe del pagaré, a pesar de los requerimientos de la demandante. En su contestación enmendada el demandado negó la alegación relativa al endoso del pagaré, y negó que la demandante fuese la tenedora del pagaré y que ella le hubiese hecho requerimientos de clase alguna al demandado. Como

defensas especiales, el demandado alegó que la demandante no era un tenedor de buena fe del pagaré; que la demandante solamente es tenedora del pagaré como garantía colateral de una deuda de $700 que Luis Quiñones Rivera, hijo de Justina Rivera, adeudaba a la demandante y que no ha habido consideración alguna para cualquier endoso que haya o pueda haber habido entre Justina Rivera y la demandante. A su contestación enmendada el demandado acompañó una contrademanda, en que alegaba haber sufrido daños y perjuicios en virtud del embargo "ilegal" trabado por la demandante sobre los bienes del demandado, como un incidente de la propia demanda interpuesta por el demandante en este caso. Fué el caso a juicio y finalmente el Tribunal de San Juan dictó sentencia condenando al demandado a pagar a la demandante la suma de $750, las costas y $100 en concepto de honorarios de abogado, indicándose en la sentencia que se adoptaban los pronunciamientos ya mencionados "sin perjuicio del derecho que pueda tener la señora Justina Rivera para recobrar de Julio Méndez lo que éste le adeuda del pagaré objeto de la presente acción". El tribunal a quo formuló las siguientes conclusiones:

### "CONCLUSIONES DE HECHO

"1. Con fecha 10 de junio de 1949, el demandado Julio Méndez suscribió un pagaré a favor de la Sra. Justina Rivera o a su orden, por valor recibido y por la suma de $1,600, el cual vencía el 10 de junio de 1951.

"2. El 8 de diciembre de 1950, doña Justina Rivera endosó el pagaré antes reseñado a favor de B. Sorrentini & Co., Inc., en garantía y para responder del pago de una deuda que tenía su hijo Luis Quiñones Rivera con la demandante. Dicho endoso fué verificado antes del vencimiento de dicho pagaré y la Sra. Justina Rivera asumió y se hizo responsable de la deuda que tenía contraída su hijo con la referida corporación.

"3. La deuda que tenía Luis Quiñones Rivera con la demandante, alcanzaba aproximadamente a la suma de $1,600, pero en virtud de una transacción entre B. Sorrentini Y Cía., Inc., doña Justina Rivera y su hijo Luis Quiñones Rivera, se acordó reducir el montante de la deuda a la suma de $750, echando la

demandante el balance de la misma a ganancias y pérdidas, y garantizando entonces la Sra. Justina Rivera el pago de los referidos $750 mediante el endoso y entrega del pagaré suscrito por el demandado.

"4. Ni doña Justina Rivera, ni su hijo, ni el demandado Julio Méndez han satisfecho a la aquí demandante la suma de $750 antes reseñada, a pesar de los requerimientos hécholes para su cobro, y tanto Julio Méndez como Justina Rivera declararon que no habían estado en condiciones de pagar a la demandante.

"CONCLUSIONES DE DERECHO

"1.—La demandante B. Sorrentini & Co., Inc., es tenedora de buena fe del pagaré negociable objeto de la presente acción. (Véase art. 405 del Código de Comercio de Puerto Rico.)

"2.—El endoso verificado por doña Justina Rivera a favor de la demandante, se hizo por la totalidad del documento, aunque como cuestión de realidad, la Sra. Rivera recibió un abono de $50 antes del endoso, hecho que le ocultó a la demandante y que no aparece de la faz del documento. La señora Rivera recibió, además de manos del demandado, para entregar a la demandante, después de endosado el pagaré, $250 que se apropió.

"3.—La demandante tiene derecho a que se le satisfaga la suma de $750, importe de su gravamen sobre el pagaré objeto de este pleito. El artículo 380 del Código de Comercio de Puerto Rico, dispone lo siguiente:

" 'Artículo 380.—Tenedor con gravamen sobre el documento. —(Art. 28, Ley Núm. 17 de 1950, (sic) página 173.) Cuando el tenedor tuviere un gravamen sobre el documento, procedente de un contrato o por inferencia de ley, se le considerará como tenedor por causa onerosa hasta donde alcance su gravamen.'

"4.—Procediendo que se declare con lugar la demanda en este caso, la contrademanda radicada por Julio Méndez contra B. Sorrentini & Co., Inc., carece de méritos, toda vez que para llevar con éxito la acción de daños y perjuicios ejercitada por la contrademandante, sería requisito previo necesario que Julio Méndez obtuviera un fallo favorable en este pleito. (Véase casos de *Martí* v. *Hernández,* 57 D.P.R. 819 y *Sosa* v. *Sucesión Morales,* 58 D.P.R. 360.)"

El demandado ha apelado para ante este Tribunal y ha señalado los siguientes errores:

"1.—Erró el tribunal al resolver que Justina Rivera había hecho un endoso válido a B. Sorrentini & Co., antes de vencerse el pagaré;

"2.—Erró el tribunal al resolver que el endoso del pagaré no fué hecho después de vencido el pagaré;

"3.—Erró el tribunal al no resolver que el endoso era nulo;

"4.—Erró el tribunal sentenciador al resolver que a pesar de que el pagaré fué endosado, de haber sido legalmente por $1,600, Julio Méndez adeudaba en dicho pagaré a B. Sorrentini & Co. la suma de $700 (sic) y el resto a Justina Rivera;

"5.—Erró el tribunal en la apreciación de la prueba;

"6.—Erró el tribunal en la aplicación del derecho a los hechos probados en este caso;

"7.—Erró el tribunal al declarar sin lugar la contrademanda;"

■ El apelante expone, en primer término, que la demandante no era un tenedor de buena fe del documento en cuestión porque el pagaré fué endosado después de la fecha de su vencimiento. De la propia faz del documento surge que el endoso y transferencia del pagaré se efectuaron antes de la fecha de su vencimiento, y tal extremo quedó comprobado por la prueba presentada, siendo correcta la conclusión a tal efecto formulada por el tribunal a quo.

■ La alegación esencial del demandado-apelante está predicada en el argumento de que, aceptando la conclusión de hecho establecida por el tribunal sentenciador al efecto de que doña Justina Rivera endosó el pagaré de $1,600 a favor de la demandante *en garantía* del pago de una deuda que tenía el hijo de la señora Rivera con la demandante, habiendo acordado doña Justina y la demandante fijar la deuda en la suma de $750, tal endoso no es válido y no surte el efecto de una negociación del documento, ya que no implicaba una transferencia o endoso total y absoluto de los derechos de doña Justina bajo el pagaré, y a cobrar la totalidad de los $1,600 bajo el pagaré, sino que la transferencia representaba ser solamente una operación de garantía, y no de negociación, traspasándose al supuesto endosatario solamente parte de la cantidad pagadera. El apelante invoca las disposiciones del art.

33 de la Ley núm. 17 de 1930 (Ley Uniforme de Instrumentos Negociables), que corresponde al art. 385 del Código de Comercio, y que dispone lo siguiente:

"Artículo 385.—(Artículo 33, Ley núm. 17 de 1930, pág. 173.) El endoso deberá ser de la totalidad del documento. El endoso que pretenda traspasar al endosatario solamente parte de la cantidad pagadera, o transferir el documento a dos o más endosatarios, separadamente, no surte el efecto de una negociación del documento. Pero cuando se hubiere pagado el documento en parte, podrá ser endosado por el resto."

Es el propósito del art. 33 ya transcrito el evitar la práctica de endosos parciales y el impedir el fraccionamiento de las causas de acción que puedan surgir de un pagaré. 38 Ill. L. Rev. 413, 414: "Partial Indorsement of Negotiable Paper"; Britton, *Bills and Notes*, pág. 392, y véase la anotación en 63 A.L.R. 499, 501.

También se ha indicado que al transferirse un pagaré como garantía, no se han transferido o negociado plenamente los mismos derechos contractuales que surgen del pagaré original, sino que se ha establecido un contrato colateral distinto, por lo que no se ha efectuado una verdadera negociación. 72 Penn. L. Rev. 296: "The transfer of a negotiable instrument by writing a guaranty thereon"; 34 Yale L. J. 144, 154; Arant, "The Written Aspect of Indorsement"; Cf. *Central Trust Co.* v. *Wyandotte First National Bank*, 101 U. S. 68.

No obstante lo anteriormente expuesto, de la faz del pagaré envuelto en este caso surge que el endoso, de acuerdo con sus propios términos, fué de la totalidad del documento, según lo requiere el art. 33. Tal artículo dispone, además que el endoso que *pretenda* (*purports to*, de acuerdo con el texto inglés tomado literalmente de la Ley Uniforme) traspasar al endosatario solamente parte de la cantidad pagadera, no surte el efecto de una negociación del documento. El concepto de "pretenda" (*purports to*) requiere que la materia a que hace referencia aparezca de la propia faz del

documento, (35 *Words and Phrases* 540, *Ed. Permanente,* y casos allí citados) ; *Hall* v. *State,* 245 P.2d 132, 134; *United States* v. *Cases Containing Sandford Tomato Catsup with Preservative,* 55 F. Supp. 725, 727, esto es, en el contexto del art. 33, que de la faz del propio endoso surja que se ha traspasado solamente parte de la cantidad pagadera.

Prescindiendo del hecho de que el endoso en este caso fué absoluto de acuerdo con sus propios términos, la realidad es que se estableció, por prueba extrínseca (sobre cuya admisibilidad no se ha planteado, ni hay, problema alguno en este caso), que el pagaré fué dado en garantía para responder por una deuda cuya cuantía es menor a la envuelta en la obligación principal de $1,600 que surge del pagaré en sí. No obstante ello, las disposiciones del art. 33 deben ser consideradas en conexión con el art. 28 de la Ley de Instrumentos Negociables (380 del Código de Comercio), que sirve realmente como excepción o limitación al alcance del art. 33. El art. 28 dispone lo siguiente:

"Cuando el tenedor tuviere un gravamen sobre el documento, procedente de un contrato o por inferencia de ley, se le considerará como tenedor por causa onerosa hasta donde alcance su gravamen."

Al transferirse un pagaré en garantía colateral del pago de una deuda, ello equivale al establecimiento de un gravamen sobre el documento, siendo aplicable entonces el art. 28, siendo entonces válido el endoso y habiéndose entonces efectuado una negociación válida del documento, hasta el punto de que el tenedor puede recobrar judicialmente a base del pagaré hasta donde alcance su gravamen, esto es, hasta el importe de la suma garantizada, y, en ese caso, no es aplicable el art. 33. El tomar un pagaré como garantía colateral por una deuda constituye el establecimiento de un gravamen, bajo el ámbito de aplicación del art. 28. 7 Am. Jur. 936, sec. 241; L.R.A. 1917C. 842; 31 L.R.A. (N.S.) 299. Adoptamos el criterio del gran peso de las autoridades, al efecto de que, bajo la ley de instrumentos negociables, un tenedor

que obtiene el pagaré por una deuda anterior es un tenedor por valor recibido, hasta el importe de la deuda, aunque tal obtención del pagaré sea por vía de una garantía colateral (80 A.L.R. 676). Se trata entonces de una negociación por vía de garantía colateral, que no deja de ser válida por el hecho de ser limitada. 8 Am. Jur. 39, sec. 300. El hecho de que la transferencia haya sido hecha como garantía no destruye la realidad de que se ha efectuado un endoso. 8 Am. Jur. 41, nota 14. Un endoso hecho como garantía es válido, y la negociación es igualmente efectiva. 8 Am. Jur. 56, sec. 320. Antes de la aprobación de la Ley Uniforme de Instrumentos Negociables existía un conflicto de autoridades en cuanto a la validez y suficiencia legal de la transferencia de un pagaré como garantía colateral por el pago de una deuda, pero bajo la Ley Uniforme es evidente que el tenedor de un pagaré transferido como garantía tiene todos los derechos correspondientes a un tenedor válido del pagaré. 8 Am. Jur. 188, sec. 440; Brannan, Beutel, *Negotiable Instruments Law*, 6ta. ed. revisada, pág. 405, 406, y casos allí citados. El hecho de la garantía no afecta la negociabilidad. *International Harvester Co.* v. *Watkins*, 272 Pac. 139. El hecho de que la garantía se refiera solamente a una parte de la cuantía total mencionada en el pagaré no afecta la validez del endoso. *Am. Nat. Bank* v. *Kerley*, 220 Pac. 116.

Cuando un pagaré, de su propia faz, demuestra que se ha efectuado un endoso total, de haber un acuerdo oral al efecto de que el endosatario tendría solamente un interés parcial en el pagaré, tal acuerdo no destruye la negociabilidad del documento y el tenedor tiene un buen título sobre el pagaré, no siendo aplicable el art. 33 de la ley. *Slay* v. *Wheeler*, 84 S.W.2d 841; *Rockett* v. *Big Lake State Bank*, 73 S.W.2d 893. Comentando el caso de *Slay* v. *Wheeler*, se dice, en parte, lo siguiente, en 49 Harv. L. Rev. 647:

"La decisión conlleva la aplicación de principios familiares a una nueva situación de hechos. Aunque un 'endoso fraccio-

nado' no opera como una negociación del instrumento y resulta ser una cesión parcial, el endoso en este caso fué regular en su forma y, por lo tanto, confirió un título válido al endosatario. El acuerdo colateral no menoscabó la negociabilidad del pagaré ni impidió que el endosatario fuese un tenedor de buena fe, pero sencillamente fijó los intereses beneficiarios de las partes. Véase Daniel, *Negotiable Instruments* (7ª ed. 1933), sec. 171."

En el caso de *Haschenberger* v. *Dennis*, 225 N.W. 25, 26, 27, se resolvió que, habiendo un endoso total del documento, aunque el endosatario haya pagado solamente una parte de la cuantía total envuelta en el pagaré, el endoso es válido y la negociación es efectiva.

En el caso de *In re Feldman's Estate*, 56 N.E.2d 405, se resuelve que al transferirse un pagaré como garantía colateral de una deuda de parte de la suma total envuelta en el pagaré, el tenedor puede recobrar a base del pagaré por la cuantía garantizada.

Como ya hemos visto, el art. 33, que prohibe endosos parciales, está inspirado en la política de evitar el fraccionamiento de la causa de acción a que da lugar el pagaré original. Pero sobre esa política prevalece la encarnada en el art. 28, de estimular y promover la negociabilidad y libre circulación de documentos comerciales, siendo esa política de conveniencia comercial la que inspira la doctrina mayoritaria, que ahora adoptamos, al efecto de que la transferencia de un pagaré para garantizar el pago de una deuda constituye una negociación válida y un endoso legalmente suficiente. *Ramish* v. *Woodruff*, (Cal.) 28 P.2d 360, 91 A.L.R. 684, 689; 34 Yale L. J. 144, 158; 72 Penn. L. Rev. 296 et seq. En cuanto al argumento de que se estaría creando un contrato distinto, lo cierto es que el endosante tuvo la intención de endosar, esto es, de transferir, de negociar, aun si el endoso sirviese como garantía, lo cual demuestra la validez de la negociación.

En vista de lo expuesto, actuó correctamente el tribunal a quo al sostener la validez del endoso y de la negociación. Alega el apelante que el endoso fué obtenido en virtud de la coacción, debido al temor de Justina Rivera de

que su hijo fuese procesado criminalmente por no haber devuelto el importe de ciertas mercancías a la demandante. La deuda de Justina Rivera a la demandante, reconocida y garantizada mediante el endoso del pagaré, surgió de la deuda del hijo de ella a la demandante. No obstante ello, y aun suponiendo, sin resolverlo, que, a los fines de la Ley de Instrumentos Negociables, la amenaza de promover un proceso criminal contra un hijo de la endosante, de no hacerse el endoso, invalide el endoso por haber sido obtenido mediante coacción (Cf. 8 Am. Jur. 292, sec. 586, nota 1; Brannan, Beutel, ob. cit., pág. 604, et seq., sec. 55), no se presentó prueba de clase alguna en este caso al efecto de que hubiesen mediado tales amenazas, ni de que tal temor fuese la causa efectiva del endoso.

██ Actuó correctamente el tribunal a quo al declarar sin lugar la contra-demanda basada en el alegado embargo "ilegal" trabado por la demandante en este caso. Al haber sido declarada con lugar la demanda, no hay margen para la acción de daños y perjuicios por embargo ilegal, cuando el embargo es incidente y consecuencia de la propia demanda que ha sido declarada con lugar. Era un requisito previo necesario el que el demandante hubiese obtenido un fallo favorable en este litigio. *Martí* v. *Hernández*, 57 D.P.R. 819; *Sosa* v. *Sucn. Morales*, supra.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Sifre concurre con el resultado.