BELISARIO DE LA MATTA, demandante y recurrente, *v.* ISMAEL CARRERAS y otros, demandados y recurridos.

*Número:* R-64-67        *Resuelto:* 23 de marzo de 1965

*Norman A. Pardo,* abogado del recurrente; *José Torres Ortiz,* abogado de los recurridos.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Los demandados recurridos en este caso, don Ismael Carreras y su esposa doña Aida Torres de Carreras radicaron una acción civil sobre daños y perjuicios contra el demandante recurrente don Belisario de la Matta, y procedieron a embargar un negocio del demandante recurrente situado en la Calle Barbosa esquina Vizcarrondo, en el barrio Villa Palmeras de Santurce y otros bienes. Mientras duró el embargo del negocio, los vendedores condicionales de ciertos bienes, radicaron procedimientos de tercería los cuales fueron declarados con lugar, incluso con la aprobación de los embargantes y el embargado. No sabemos si por la merma de los bienes embargados o por otra razón, los esposos recurridos, después de contestada la demanda radicaron una moción de

desistimiento, el 9 de mayo de 1962 alegando: "que la parte demandante no tiene interés alguno en proseguir con los procedimientos del presente caso por lo que interesa se le entienda desistido del mismo a todos los fines legales pertinentes, solicitando asimismo se deje sin efecto la orden de embargo expedida en contra de la parte demandada; decretándose asimismo la entrega inmediata a la parte demandada de los bienes que mediante la orden de embargo antes indicada, se le hubieren podido embargar como de su propiedad". Dicha moción aparece notificada al abogado del demandado, ahora demandante recurrente, en la misma fecha en que se radicó la moción de desistimiento.

El día 27 de junio de 1962, no habiéndose formulado objeción alguna a la moción de desistimiento por el embargado, la ilustrada Sala de San Juan del Tribunal Superior de Puerto Rico, dictó la siguiente sentencia: "Vista la moción de desistimiento interpuesta por la parte demandante, [ahora demandada recurrida] en la cual informa que no tiene interés alguno en proseguir con los procedimientos del presente caso, por lo que interesa se le entienda desistido del mismo; solicitando además se deje sin efecto la orden de embargo expedida contra la parte demandada de los bienes que mediante la Orden de Embargo antes indicada, se le hubieren podido embargar como de su propiedad; el Tribunal accede a lo solicitado, y en su consecuencia ordena y decreta la [sic] desestimación y archivo de la presente demanda; ordenando asimismo la entrega inmediata a la parte demandada de los bienes que mediante la orden de embargo expedida en el presente caso, se le hubieren podido embargar como de su propiedad."

Creyéndose necesitado de justicia, el anterior demandado embargado radicó en la misma Sala de San Juan del Tribunal Superior de Puerto Rico, una demanda en daños y perjuicios, alegando, el anterior embargo, el desistimiento sin la conformidad del ahora demandante, el hecho de no habérsele de-

vuelto ninguno de los bienes embargados y las correspondientes angustias y sufrimientos mentales.

El día 31 de enero de 1964, se vio el caso en rebeldía de los anteriores embargantes, ahora demandados recurridos, llegando la ilustrada Sala sentenciadora a las siguientes conclusiones: "Dentro de los [anteriores] procedimientos la parte aquí demandante previa prestación de una fianza personal firmada por los fiadores codemandados, solicitó y obtuvo del Tribunal Superior, Sala de Caguas, un mandamiento de embargo para asegurar la efectividad de la sentencia, con cuyo mandamiento el Alguacil Dolores Sotero, procedió a embargar el día 3 de febrero de 1961, un negocio del aquí demandante, situado en la Calle Barbosa esq. Vizcarrondo, Villa Palmeras, Santurce, un automóvil y otros bienes de su propiedad . . . . Que a pesar de lo decretado en la sentencia [sentencia del 27 de junio de 1962 arriba transcrita] al demandante nunca se le devolvieron bienes algunos. Que como resultado de dicho embargo el demandado ha sufrido los siguientes daños materiales: Pérdida total del negocio que operaba en la Calle Vizcarrondo 350 en Santurce, P.R., $5,955.00; pérdida de ingresos durante un año que estuvo sin trabajar a razón de $25.00 diarios, $9,000.00. Que debido al mismo embargo, tanto el demandante como su esposa sufrieron angustias mentales. No hemos tenido ante nos evidencia precisa y exacta de los bienes embargados propiedad del demandante, ya que del expediente se desprende que hubieron [sic] varios bienes que fueron entregados a sus dueños, por encontrarse bajo contrato de venta condicional. Tampoco hemos tenido ante nos, ni consta de los autos el inventario de los bienes embargados por el marshal que fueran propiedad del demandado."

Como conclusiones de derecho, la ilustrada Sala sentenciadora, incluyó las siguientes: "Esta es una acción predicada en el Art. 1803 del Código Civil de Puerto Rico a base de los daños sufridos por un embargo ilegal. Para que exista

una causa de acción por embargo ilegal, nuestro Tribunal Supremo ha resuelto que es necesario alegar y probar que la acción entablada por la parte demandante contra el demandado, que motivó el embargo, terminó por sentencia a su favor. Véase *Martí* v. *Hernández*, 57 D.P.R. 819 (1940) (cita); *Sosa* v. *Sucn. Morales*, 58 D.P.R. 360 (1941) (cita); *Sorrentini & Cía.* v. *Méndez*, 76 D.P.R. 690–693 (1954) (cita) . . . . Tenemos que tomar en consideración que el embargo es un incidente de la demanda, surge de ella; de ahí, la necesidad que se obtenga una sentencia a favor de la parte demandante sobre los méritos del caso. En el caso de autos la sentencia fue obtenida a través de una moción de desistimiento y no en los méritos del caso en su fondo. En los casos de rebeldía como no hay quien represente a la parte contraria, ni el Tribunal tiene ante sí su contención, la evidencia debe ser clara, precisa y concluyente para que no quede duda en la mente del juzgador en cuanto a la existencia real y efectiva de cuales fueron los daños. El mero hecho de que una persona pueda haber sufrido pérdida no dá [*sic*] derecho a indemnización, para así obtenerla, es preciso suministrarle a la Corte los datos necesarios para poder estimar su importe *Sánchez* v. *Cooperativa Azucarera de P.R.* . . . . Por los motivos y fundamentos antes expuestos nos vemos compelidos a declarar sin lugar la demanda en rebeldía, con imposición de costas a la parte demandante y sin honorarios de abogado."

En su recurso de revisión, el demandante recurrente señala los siguientes errores: (1) Resolver que la acción que motivó el embargo no terminó por sentencia a favor del demandante recurrente; (2) Resolver que una sentencia por desistimiento de la parte demandante, después de haberse embargado y haberse contestado la demanda por el demandado, y sin la conformidad de dicho demandado, no equivale a una sentencia a su favor; (3) Declarar sin lugar la demanda por no aducir ésta hechos constitutivos de causa de

acción ya que el caso no había sido resuelto en sus méritos; (4) Aplicación errónea de los casos de *Sosa* v. *Sucn. Morales*, 58 D.P.R. 360 y *Sorrentini* v. *Méndez*, 76 D.P.R. 690.

1–2 La ley aplicable a esta primera cuestión es la Regla 39.1 de las Reglas de Procedimiento Civil de 1958 que dispone:

**"Desistimiento (a) Por el Demandante: Por Estipulación**

Sujeto a las disposiciones de la Regla 20.2, [pleito de clase] un demandante podrá desistir de un pleito sin orden del Tribunal, (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria, cualesquiera de estas que se notifique primero o (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito. A menos que el aviso de desistimiento o la estipulación expusiere lo contrario el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presentare un demandante que haya desistido anteriormente en el Tribunal General de Justicia o en algún tribunal federal o de cualquier estado de los Estados Unidos de otro pleito basado en o que incluya la misma reclamación.

**(b) Por orden del tribunal**

A excepción de lo dispuesto en la Regla 39.1(a), no se permitirá al demandante desistir de ningún pleito, excepto mediante orden del tribunal y bajo los términos y condiciones que éste estime procedentes y sujeto a lo dispuesto en la Regla 44.4b [costas]. Si algún demandado hubiere alegado una reconvención antes de ser notificado de la moción de desistimiento del demandante, no se permitirá el desistimiento si hubiere objeción del demandado, a menos que la reconvención pueda quedar pendiente para ser adjudicada independientemente por el tribunal. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio."

Esta revisión se origina en una acción de daños y perjuicios presentada por los entonces demandantes Aida Torres de Carreras e Ismael Carreras contra el señor Belisario de la Matta—Civil Núm. 61-160 del Tribunal Superior de Puerto

Rico, Sala de Caguas; exhibit I del demandante, en el segundo caso presentado por Belisario de la Matta contra los posteriormente demandados Aida Torres de Carreras e Ismael Carreras, Civil Núm. 63-1893 del Tribunal Superior de Puerto Rico, Sala de San Juan. La demanda original ante la Sala de Caguas, se radicó el 25 de enero de 1960, y en esa misma fecha, fue decretado el embargo de bienes del anterior demandado don Belisario de la Matta que produce la cuestión litigiosa objeto de esta revisión. Después de ciertos incidentes de traslado, tercerías, interrogatorios, el día 28 de marzo de 1961, se contestó la demanda por el entonces demandado señor Belisario de la Matta, en la cual alega, que el día, hora y sitio del accidente, "él venía conduciendo su vehículo a velocidad moderada y por su derecha de la carretera; que mientras conducía su automóvil vio venir en dirección contraria otro automóvil a gran velocidad y dando zig-zags en la carretera, por lo que se acercó más a su derecha y detuvo su marcha; que luego de su automóvil estar completamente detenido, el automóvil que venía en dirección contraria, que resultó ser propiedad de la demandante y conducido por el co-demandante Ismael Carreras, en el momento de pasarle zigzagueó rozando con su auto; que el automóvil conducido por el co-demandante Ismael Carreras continuó dando zig-zags hasta que fue a estrellarse contra una alcantarilla; que el auto del demandado no sufrió desperfecto alguno en el accidente; que aunque en forma alguna el demandado fue responsable del accidente ocurrídole a los demandantes, él junto a otras personas que allí se encontraban, se prestaron a ayudarlos; . . . que la causa próxima y única del accidente lo fue la forma atolondrada, descuidada y negligente en que el codemandante Ismael Carreras conducía en estado de embriaguez su automóvil a gran velocidad, no interviniendo en forma alguna como causa del accidente sufrido por los demandantes el auto conducido por el demandado". Como hemos dicho, el día 9 de mayo de 1962 se radicó la moción de desis-

timiento y el día 27 de junio de 1962 se dictó la sentencia por desistimiento.

Claro está que en este caso, se trata de un desistimiento voluntario después de contestada la demanda, el cual se rige por la Regla 39.1(b) del 1958 que exige la intervención del Juez y claramente establece que ·"no se permitirá al demandante desistir de ningún pleito, excepto mediante orden del tribunal y bajo los términos y condiciones que éste estime procedentes y sujeto a lo dispuesto en la Regla 44.4(b) [costas]", y termina la disposición advirtiendo: "A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio."

■ Aunque no sea necesario para resolver la cuestión litigiosa aquí envuelta, es bueno dejar previamente esclarecido, que el derecho a un desistimiento por su propia voluntad, mediante una simple solicitud al Secretario, sin notificación a la otra parte y sin intervención del Juez, sólo lo tiene un demandante antes de la notificación por el demandado de la contestación o de una moción solicitando sentencia sumaria, cualquiera de éstas que se notifique primero, primer supuesto de la Regla 39.1(a) del 1958. Según el tratado de *Práctica Federal y Procedimiento* de Barron and Holtzoff, volúmen 2b Sec. 911 (pág. 102); El propósito de la Regla 41(a) federal, —equivalente a la Regla 39.1(a) nuestra—permitiéndole al demandante desistir voluntariamente de cualquier acción es para concederle a dicho demandante el derecho de sacar su caso fuera de la corte si ninguna otra parte se perjudica. El derecho de mayor extensión bajo la Ley común, ahora está limitado por la Regla de práctica federal al período antes de radicarse una contestación o una solicitud de sentencia sumaria. Desde ahí en adelante, el desistimiento sólo puede obtenerse con el consentimiento del Tribunal y bajo aquellas condiciones que sean justas.

■ Como se ve, después de contestada una demanda, el demandante necesita obtener un permiso del Tribunal

mediante una moción ordinaria y el Tribunal deberá, al momento de decretar el desistimiento, imponer aquellas condiciones que resulten convenientes de acuerdo con las circunstancias del litigio. Parece que el error de considerar el derecho al desistimiento por propia voluntad del demandante, igual antes que después de contestada la demanda, proviene de la disposición marginal incluida, en el sentido, que en ambos casos el desistimiento será sin perjuicio. En el primer supuesto, desistimiento voluntario por el demandante antes de contestarse la demanda o solicitarse sentencia sumaria, es lógico que el desistimiento sea sin perjuicio, o sea, conservando el derecho a entablar una nueva acción. Sabido es que de este primer desistimiento se hace uso, para corregir inclusiones defectuosas de partes demandadas, para buscar una mejor prueba que sostenga la causa de acción intentada, para cambiar de una jurisdicción defectuosamente escogida a otra, etc.

En el segundo supuesto de la Regla 39.1(a), desistimiento por estipulación firmada por todas las partes, no deja de ser lógico el derecho del demandante a desistir sin perjuicio puesto que las partes que podrían ser afectadas por dicho desistimiento autorizan el mismo. En el segundo supuesto, hay sin embargo, la limitación en cuanto al perjuicio, que no se trate de un doble desistimiento (*two dismissal rule*), pues en el caso que el demandante haya desistido anteriormente de una reclamación similar a la segunda de que ahora desiste, bien sea en nuestro Tribunal General de Justicia, o en algún Tribunal federal, evadiendo los problemas de la dual ciudadanía, o de cualquier estado de los Estados Unidos, el segundo desistimiento constituye adjudicación sobre los méritos, y es un desistimiento con perjuicio por una simple declaración de la ley.

En el tercer supuesto enunciado en la Regla 39.1(b), desistimiento después de contestada la demanda, no sería lógico suponer que el derecho del demandante a desistir sea siempre sin perjuicio. Es bueno empezar señalando el hecho,

que en este caso, el derecho del demandante al desistimiento, no es absoluto: 2b Barron and Holtzoff, *Federal Practice and Procedure* Sec. 912 (págs. 112–113) (1961) en cuyo escolio 30.3 se cita el comentario hecho por la Corte de Apelaciones de los Estados Unidos para el Séptimo Circuito en el caso de *Grivas* v. *Parmelee Transp. Co.*, 207 F.2d 334 (Major) (1953) cita precisa a la pág. 336, en el sentido, de ser la doctrina unánime de los Tribunales y de los tratadistas, que la concesión de una solicitud de desistimiento bajo la Regla 41(a)(2) federal, 39.1(b) nuestra, no es un derecho absoluto del demandante; que se trata de una disposición del caso sometida a la discreción judicial bajo los términos y condiciones que el Tribunal estime conveniente. Siendo esto así, no es difícil concluir que la condición que el desistimiento sea con perjuicio, puede ser una de las condiciones impuestas por la discreción judicial. Sería conveniente acotar del propio texto de Barron and Holtzoff, a que nos hemos venido refiriendo que la Regla de oro en cuanto a esta discreción es la siguiente: "La discreción del Tribunal es una discreción judicial y no una discreción arbitraria. Si fuera necesario debe celebrarse una vista y el Tribunal esforzarse para asegurarle una justicia sustancial a ambas partes" (Sec. 912, pág. 113).

Resumiendo: No hay razón en derecho que prohiba considerar a un desistimiento después de contestación como una adjudicación sobre los méritos a los efectos de determinar los daños que ha podido producir en el caudal del demandado el secuestro judicial de sus bienes. Ante una moción de desistimiento que sólo alega: "Que la parte demandante no tiene interés alguno en proseguir con los procedimientos del presente caso; por lo que interesa se le entienda desistido del mismo a todos los fines legales pertinentes, solicitando asimismo se deje sin efecto la orden de embargo expedida en contra de la parte demandada; decretándose asimismo la entrega inmediata a la parte demandada de los bienes que mediante la orden de embargo antes indicada se le

hubieren podido embargar como de su propiedad", está dentro de la discreción de la Sala sentenciadora determinar, en una vista al efecto, cuales han sido los daños sufridos por el embargado e imponer como condición para el desistimiento, el pago de dichos daños. En caso de que así no lo haga, su actuación puede considerarse como un abuso de discreción. Pero hay algo más.

■ 3–4 En cuanto al resarcimiento de los daños causados por un embargo trabado en una acción de la cual se desiste voluntariamente, la sentencia decretando el desistimiento y ordenando el levantamiento del embargo tiene naturaleza adjudicativa sobre los méritos, en todo lo referente al embargo, por ser dicho embargo un remedio auxiliar que no interfiere con los méritos de la causa de acción. Como es sabido, la responsabilidad por los daños que pueda ocasionar un embargo está establecida en el Art. 4 de la Ley para asegurar la efectividad de las sentencias de 1ro. de marzo de 1902—32 L.P.R.A. sec. 1072 (pág. 960) que dispone: "Si consta claramente en documento auténtico que la obligación es exigible, el Tribunal decretará el aseguramiento sin fianza. En cualquier otro caso exigirá fianza para decretarlo. La fianza que al efecto se prestare responderá de los daños y perjuicios que se causen al demandado por consecuencia del aseguramiento."

■ Hace ya mucho tiempo que nuestra jurisprudencia tiene establecido que este resarcimiento ordenado por el Art. 4, tiene cierta individualidad en cuanto a su propia causa de acción "daños", goza de los privilegios de la fianza judicial frente a la fianza convencional, no necesita la inclusión del demandante como parte necesaria, ni requiere la excusión de bienes del principal, no está sujeta a ninguna regla de incuria, y la indemnización de daños comprende no sólo el valor de la pérdida que haya sufrido, sino también el de la ganancia que haya dejado de obtener el acreedor: *Muriente* v. *Terrasa et al.*, 22 D.P.R. 738 (Del Toro) (1915)

cita precisa a las págs. 744–748; *Avilés* v. *Hijos de Rafael Toro S. en C. et al.*, 27 D.P.R. 671 (Hernández) (1919) cita precisa a la pág. 678. Desde el caso de *Avilés*, supra, el desistimiento se equiparó al fallo en los méritos (págs. 674–675).

En cuanto a la prescripción baste consignar que el primer caso de *Aida Torres de Carreras e Ismael Carreras* v. *Belisario de la Matta*, en el cual se decretó el embargo, la sentencia por desistimiento se dictó el 27 de junio de 1962, notificándose el 20 de julio de 1962 y el segundo caso de *Belisario de la Matta* v. *Ismael Carreras, Aida Torres de Carreras, Narcisa Torres y Edwin Sánchez Hidalgo*, en el cual se solicitan daños por el embargo, objeto de esta revisión, se radicó el día 17 de mayo de 1963, para darnos cuenta que la reclamación por los daños causados por el embargo no está prescrita por no haber transcurrido el período de un año establecido para el ejercicio de las acciones de daños y perjuicios: *Sosa* v. *Sucn. Morales*, 58 D.P.R. 360 (De Jesús) (1941) cita precisa a la pág. 364; 57 D.P.R. 819 (Travieso) (1940) cita precisa a la pág. 822. En cuanto a la defensa de incuria la misma no tiene ninguna virtualidad ante el completo sistema de prescripción de acciones que contiene nuestro Código Civil.

En las conclusiones rendidas por la ilustrada Sala sentenciadora existe una incongruencia que merece considerarse a los efectos de esta revisión. Por un lado, la ilustrada Sala sentenciadora estima como los daños causados por el embargo las siguientes partidas: pérdida total del negocio que operaba en la calle Vizcarrondo Núm. 350 de Santurce, P.R., $5,955.00; pérdida de ingresos durante un año que estuvo sin trabajar a razón de $25 diarios, $9,000.00; por el otro, la ilustrada Sala sentenciadora, añade: "No hemos tenido ante nos evidencia precisa y exacta de los bienes embargados propiedad del demandante, ya que del expediente se desprende que hubieron [*sic*] varios bienes que fueron entregados a sus

dueños, por encontrarse bajo contrato de venta condicional. Tampoco hemos tenido ante nos, ni consta de los autos el inventario de los bienes embargados por el marshal que fueran propiedad del demandado . . . . En los casos de rebeldía como no hay quien represente a la parte contraria, ni el Tribunal tiene ante sí su contención, la evidencia debe ser clara, precisa y concluyente para que no quede duda en la mente del juzgador en cuanto a la existencia real y efectiva de cuales fueron los daños. El mero hecho de que una persona pueda haber sufrido pérdida no da derecho a indemnización, para así obtenerla, es preciso suministrarle a la Corte los datos necesarios para poder estimar su importe."

El aspecto de esta incongruencia que más nos preocupa es el relacionado con la pérdida del negocio, pues la manera de probarlo del demandante está sancionado por nuestra propia jurisprudencia. En el caso de *Muriente* v. *Terrasa et al.*, supra, cita precisa a la pág. 747 se dice: "¿No es lógico concluir que si no hubiera sido por el embargo, el demandante hubiera continuado explotando su negocio y ganando lo mismo que ganaba? A nuestro juicio lo es, y, por tanto, estimamos que puede y debe tomarse como base para calcular la ganancia dejada de obtener por el demandante, la obtenida anteriormente en un período de tiempo igual, bajo idénticas circunstancias. Desde el 25 de marzo en que se practicó el embargo hasta el 13 de julio en que se devolvieron el carro y las mulas al demandante, transcurrieron tres meses y veinte días. Calculadas las ganancias a razón de 75 pesos mensuales, una mera operación aritmética permite concluir que el demandante dejó de ganar 275 pesos, que tiene derecho a reclamar como la justa indemnización de los daños y perjuicios sufridos a consecuencia del embargo."

*Por las razones expuestas, se revoca la sentencia de 26 de febrero 1964, dictada en esta ocasión por el Tribunal Superior de Puerto Rico, Sala de San Juan, y en bien de la*

*justicia, se devuelve el caso para una nueva vista sobre los méritos.*