Rivera Pérez, Juez Ponente
*950 TEXTO COMPLETO DE LA SENTENCIA
La parte peticionaria solicita de esta Curia la expedición del auto y la revocación de una sentencia parcial de archivo con perjuicio dictada por el Tribunal de Primera Instancia contra algunos de los demandados. Le asiste la razón a la parte peticionaria. Se expide el auto y se revoca la sentencia recurrida.
I
Con motivo del fallecimiento de su padre, señor Hermenegildo de León Nazario, las señoras Inés, Justina y Carmen, de apellidos de León Ramos, solicitaron ante el antiguo Tribunal Superior, Sala de Caguas, en el caso civil número CS-87-1110, que se les adjudicara la participación en común y pro-indiviso que le correspondiere en un inmueble dejado por su causante en el proyecto VM-2-2, denominado Campamento, ubicado en el Barrio Rincón de Gurabo, Puerto Rico. El 7 de septiembre de 1988 dicho Tribunal dictó sentencia y dispuso lo siguiente:
En consideración a todo lo antes consignado, el Tribunal dicte [sic] sentencia fijando las porciones de interés propietario de las partes de la siguiene [sic] manera: a las Demandantes INES DE LEON RAMOS, JUSTINA DE LEON RAMOS y CARMEN tcp CARMELITA DE LEON RAMOS le corresponde a cada una $2,222.22 ó el 5.55%; a los demandantes ROBERTO DE LEON IGLESIAS, MARIA SOCORRO DE LEON HERNANDEZ, RAMONA DE LEON CARMONA Y RAFAEL DE LEON HERNANDEE [sic] les corresponde a cada uno $5,555.55 ó 13.88%. A los demandados YOLANDA DE LEON HERNANDEZ y JUAN RAMON DE LEON HERNANDEZ les corresponde $5,555.55 ó el 13.88% a cada uno del interés propietario del inmueble desccrito [sic].
El 6 de junio de 1992 se otorgó en Gurabo, Puerto Rico, la escritura pública número veintidós (22) sobre cesión de derechos y acciones ante el Notario Público Grisel Vanessa Crespo. Por virtud de dicho documento público, la señora Yolanda de León Hernández, la señora Ramona de León Carmona, el señor Roberto de León Iglesias, la señora María Socorro de León Hernández, el señor Juan Ramón de León Hernández y el señor Rafael de León Hernández cedieron y transfirieron todos sus alegados derechos y acciones sobre el inmueble mencionado anteriormente a la señora Ruth Rodríguez Martínez y a su esposo, el señor Benjamín Gómez Alicea. Los cedentes manifestaron haber adquirido los derechos cedidos y transferidos por herencia, pero los mismos estaban pendientes de inscripción. Ese documento fue presentado al Registro de la Propiedad el 14 de octubre de 1992. Fue inscrito el 24 de mayo de 1993. 
El 25 de junio de 1992 se emitió resolución por el antiguo Tribunal de Distrito, Sala de Caguas, caso civil número CD-92-2432, declarando únicos y universales herederos de doña Tomasa Carmona Iglesias, conocida por Tomasa Iglesias y Tomasa Hernández, a sus hijos Ramona de León Carmona, Roberto de León Iglesias, María Socorro de León Hernández, Rafael de León Hernández, Yolanda de León Hernández y Juan Ramón de León Hernández.
El 8 de junio de 1992 se suscribió y firmó por la señora Ramona de León Carmona, documento de afidávit constitutivo de una instancia dirigida al Registro de la Propiedad, en la cual se solicita se inscriba el inmueble mencionado anteriormente a favor de dichos herederos. Tal documento fue presentado al Registro de la Propiedad el 11 de agosto de 1992. Fue inscrito en mayo de 1993. 
El 26 de junio de 1992 se presentó ante el Tribunal de Primera Instancia, Sala Superior de Caguas, por las señoras Inés y Justina, de apellidos de León Ramos, acción sobre interdicto temporero y permanente, civil número EPE-92-0053, contra la señora Ruth Rodríguez t/c/p "Uchi" Se dictó sentencia en ese procedimiento el día 13 de agosto de 1992, desestimando la demanda. 
El 15 de agosto de 1994 las señoras Inés, Justina y Carmen, de apellidos de León Ramos, presentaron demanda ante el antiguo Tribunal de Distrito, Sala de Caguas, civil número CD94-1375, sobre cobro de dinero, daños y perjuicios y anulación de contrato contra la señora Yolanda de León Hernández y la sociedad legal de gananciales compuesta con su esposo, el señor Pablo Laureano; la *951 señora Ramona de León Cannona y la sociedad legal de gananciales compuesta con su esposo, el señor Ismael Fernández; el señor Roberto de León Iglesias; la señora María Socorro de León Hernández; el señor Juan Ramón de León Hernández; el señor Rafael de León Hernández; la señora Ruth Rodríguez Hernández; el señor Benjamín Gómez Alicea y la sociedad legal de gananciales compuesta por los últimos dos. Aseveraron en su demanda que algunos de los demandados conspiraron entre sí para despojarlas de su interés propietario en el inmueble en cuestión, vendiendo el mismo a terceras personas y reteniendo el dinero que a ellas les correspondía. Solicitaron del Tribunal de Primera Instancia que se decretara nulo ese contrato denominado "Cesión de Derechos y Acciones " y que condenara a los demandados al pago de daños y perjuicios y ciertas cantidades de dinero correspondientes a su participación en el imnueble. 
El 25 de marzo de 1996 se celebró la conferencia con antelación al juicio en el caso de epígrafe y las partes estipularon cierta pmeba documental ofrecida por las partes y aceptada por el Tribunal de Primera Instancia. Ese mismo día, la co-demandada, la señora Ruth Rodríguez Hernández y el señor Benjamín Gómez Alicea, en representación de la sociedad legal de gananciales compuesta por ambos, presentaron solicitud oral de sentencia sumaria, argumentando que se había estipulado que ellos eran terceros regístrales; que se presumía su buena fe y por lo tanto no le eran responsables a la parte demandante. Esa parte se opuso, expresando que la buena fe se presumía y como tal se podía controvertir. El Tribunal de Primera Instancia le requirió al demandante indicara con qué prueba contaba para controvertir tal presunción, y esa parte informó no tenerla en ese momento. Posteriormente, la parte demandante solicitó el desistimiento voluntario con perjuicio en cuanto a los co-demandados, señora Ruth Rodríguez Hernández, señor Benjamín Gómez Alicea y la sociedad legal de gananciales compuesta por ambos; señora Ramona de León, señor Ismael Fernández y la sociedad legal de gananciales compuesta por ambos; señora Yolanda de León Hernández señor Pablo Laureano y la sociedad legal de gananciales compuesta por ambos. El 3 de abril de 1996 el Tribunal dictó sentencia parcial de archivo con perjuicio de la demanda contra esas personas, archivándose en autos copia de su notificación el 10 de abril de 1996. 
El 8 de abril de 1996 la parte demandante, aquí peticionaria, presentó una moción de reconsideración y, entre otras cosas, expresó que el desistimiento no había sido voluntario. 
Después de acoger la moción de reconsideración y de evaluar la oposición de la parte demandada, aquí recurrida, al respecto, el Tribunal de Primera Instancia la declaró sin lugar el 17 de septiembre de 1996. 
II
¿Es procedente en derecho una sentencia de archivo con perjuicio dictada por el Tribunal de Primera Instancia, cuando el demandante promovente de la misma plantea a ese Tribunal en reconsideración que no se presentó por esa parte una solicitud de desistimiento de forma libre y voluntaria? La contestación es en la negativa. Veamos.
La Regla 39 1 de Procedimiento Civil dispone lo siguiente:

"39.1. Desistimiento

(a) Por el demandante; por estipulación.

Sujeto a las disposiciones de la Regla 5, un demandante podrá desistir de un pleito sin orden del tribunal, (1) mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción solicitando sentencia sumaria, cualesquiera de éstas que se notifique primero, o (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito. A menos que el aviso de desistimiento o la estipulación expusiere lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presentare un demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún Tribunal Federal o de cualquier estado de los Estados Unidos, de otro pleito basado en o que incluya la misma reclamación.

*952
(b) Por orden del tribunal.

A excepción de lo dispuesto en la Regla 39 1(a), no se permitirá al demandante desistir de ningún pleito, excepto mediante orden del tribunal y bajo los términos y condiciones que éste estime procedentes A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio."

En este caso, resultaba imprescindible un dictamen del Tribunal de Primera Instancia para permitir al demandante desistir con perjuicio contra los co-demandados que menciona la sentencia recurrida. El Tribunal de Primera Instancia hace alusión a que esa sentencia fue dictada como resultado de una "solicitud de desistimiento voluntario, con perjuicio" sometida a su consideración por la parte demandante, aquí peticionaria. Eso equivale a decir que la parte demandante libre y voluntariamente renunció, en tiempo presente y futuro, a ser escuchado y a disfrutar plenamente de su garantía a un debido proceso de ley ante el Tribunal de Primera Instancia con relación a la reclamación desistida. El demandante, aquí peticionario, en su moción de reconsideración expresó que no ha mediado solicitud de desistimiento voluntario alguno de su parte, en cuanto a la reclamación que tenía contra las partes co-demandadas, de la cual dispuso la sentencia recurrida. Por el contrario, indica que se vio obligado a allanarse a la solicitud de sentencia sumaria presentada en forma oral por los co-demandados, señora Ruth Rodríguez Hernández y su esposo el señor Benjamín Gómez Alicea, por la presión que percibió del Tribunal de Primera Instancia para que lo ilustrara sobre la prueba con que contaba para rebatir la presunción de buena fe que alegadamente cobijaba a ese matrimonio como terceros regístrales.
El desistimiento de la causa de acción de la parte demandante es un derecho que no es absoluto, tomando en cuenta la etapa procesal en que se encontraba el caso de autos. De utilizar la parte demandante libre y voluntariamente tal derecho, bajo las circunstancias procesales de este caso, el mismo quedaría sometido para disposición del Tribunal de Primera Instancia, sujeto a su discreción judicial bajo los términos y condiciones que estimara conveniente. Lo cierto es que el demandante le planteó al Tribunal de Primera Instancia que no era su intención y voluntad desistir de su causa de acción contra ninguno de los demandados. Ante tal expresión, no podía el Tribunal de Primera Instancia privarle del derecho a un debido proceso de ley en su causa de acción, que fue objeto de archivo con perjuicio por virtud de la sentencia recurrida.
III
Por los fundamentos antes expuestos, se expide el auto y se revoca la sentencia recurrida.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97DTA36
1. Apéndice S, págs. 42-43 del recurso de revisión.
2. Apéndice V, págs. 47-49, Ibid.
3. Apéndice w, págs. 55, 56, Ibid.
4. Apéndice W, págs. 54,55, Ibid.
5. Apéndice T, págs. 44-45 Ibid.
6. Apéndice A, págs. 1-4. Ibid.
1. No contiene conclusión expresa, a los efectos de que no existía razón para posponer dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito. Regla 43.5 de Procedimiento Civil, 32 L.P.R.A., Ap m. Ese tipo de dictámenes judiciales se revisan ante el Tribunal de Circuito de Apelaciones por certiorari. Artículo *953 4.002 (f) de la Ley de la Judicatura de Puerto Rico de según enmendada.
8. Apéndice L, págs. 22-23 del recurso de revisión.
9. Apéndice M, págs. 24-32 Ibid.
10. Apéndice R, pág. 41, Ibid.
11. 32 L.P.R.A., Ap DI.
12. De la Matta v. Carreras, 92 D.P.R. 85 (1965).