ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| JUNTA DE PLANIFICACIÓNDE PUERTO RICO<br><br>DEMANDANTE APELANTE<br><br>V.<br><br>JORGE LUIS MEJÍAS AGOSTO, SU CÓNYUGE DE NOMBRE DESCONOCIDO DENOMINADA JANE DOE Y LA SOCIEDAD LEGAL DE BIENES GANANCIALES COMPUESTA POR ESTOS<br><br>DEMANDADOS APELADOS | KLAN202400433 | *APELACIÓN* procedente del Tribunal de Primera Instancia Sala de Aguadilla<br><br>Caso Núm. AG2023CV02107<br><br>Sobre:<br><br>INJUNCTION ESTATUTARIO, CONTEMPLADO EN LA LEY NÚM. 75 DEL 24 DE JUNIO DE 1975, SEGÚN ENMENDADA Y LAS DISPOSICIONES DEL ARTÍCULO 41.1 DE LA LEY NÚM. 161 DEL 1 DE DICIEMBRE DE 2009, SEGÚN ENMENDADA |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Candelaria Rosa, la jueza Alvarez Esnard, y la jueza Díaz Rivera

Brignoni Mártir, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de septiembre de 2024.

Comparece ante nos, la Junta de Planificación de Puerto Rico (en adelante "la Junta"). Su comparecencia es a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida y notificada el 8 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla. Mediante el referido dictamen, dicho tribunal declaró *Ha Lugar* la "*Moción sobre Imposición de Costas*," presentada por Jorge Luis Mejías, su cónyuge denominada como Jane Doe y la Sociedad Legal de Bienes Gananciales compuesta por ambos, (en lo sucesivo, "la parte recurrida").

Al versar la determinación recurrida sobre un asunto postsentencia, acogemos el recurso presentado como un *certiorari.* Véase, *IG Builders et al. v. BBVAPR*, 185 DPR 307, 336-341 (2012).

Por los fundamentos que expondremos a continuación, *expedimos* el auto de *certiorari* y *confirmamos* la determinación recurrida.

**I.**

La controversia ante nuestra consideración tiene origen en la "*Demanda de Injunction Estatutario Preliminar y Permanente*," presentada el 27 de diciembre de 2023 por la Junta. Mediante esta, expresó que el 15 de febrero de 2023 realizó una investigación en la propiedad de la parte recurrida. Expresó, que de dicha investigación surgió que la referida parte no había actualizado su "*Permiso Único.*" Ello, en contravención del Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, Reglamento Núm. 9233 de 2 de diciembre de 2020 (Reglamento Conjunto de 2020).[1]

Así las cosas, argumentó que el 16 de octubre de 2023 le envió a la parte recurrida una "*Notificación de Hallazgos y Orden de Mostrar Causa.*" No obstante, esgrimió que no obtuvo respuesta de su parte. Por lo cual, solicitó del foro primario un interdicto permanente a los fines de revocar el permiso de uso de la parte recurrida. A su vez, peticionó, que se le ordenara a dicha parte el pago de una multa por la cantidad de quinientos dolares ($500); costas; intereses legales; y honorarios de abogado.

Posteriormente, el 9 de enero de 2024, la parte recurrida presentó una "*Moción Urgente sobre Sentencia Sumaria.*" Alegó, que antes de la radicación de la presente "*Demanda de Injunction Estatutario Preliminar y Permanente,*" se había expedido su "*Permiso Único.*" Indicó, que la fecha de expedición fue el 17 de marzo de 2023. Por consiguiente, sostuvo que no existían hechos esenciales en controversia. Así pues, solicitó la disposición sumaria del caso al amparo de la Regla 36.2 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 36. Además, peticionó la cantidad

---

[1] Es preciso señalar, que el Reglamento Conjunto de 2020. fue declarado nulo por nuestro mas Alto Foro. Ello, mediante el caso de *Martínez Fernández et al. v. OGPE,* 212 DPR 285, 290 (2023), en fecha de 16 de junio de 2023. Dicha nulidad tuvo efecto únicamente prospectivo. Entiéndase, que solo cubrió los permisos autorizados y expedidos en fecha posterior al dictamen que decretó la nulidad del referido Reglamento.

de $3,000.000 en concepto de costas; gastos y honorarios de abogado por temeridad.

Así las cosas, el 10 de enero de 2024, el foro recurrido ordenó a la Junta presentar su posicion respecto a la "*Moción Urgente sobre Sentencia Sumaria.*" En la misma fecha, la Junta presentó una "*Moción Informativa y solicitando Desistimiento.*" Mediante la cual, solicitó que se le autorizara el desestimiento sin perjuicio de la reclamación incoada. Especificó, que se le eximiera de la imposición de costas y honorarios de abogado.

En atención a los escritos presentados, el 16 de enero de 2024, el foro primario emitió una "*Sentencia.*" Mediante esta, declaró *Ha Lugar* la "*Moción Informativa y solicitando Desistimiento.*" No obstante, ordenó el archivo del caso con perjuicio a tenor de la Regla 39.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1. Acto seguido, el 25 de enero de 2024, la parte recurrida presentó un "*Memorandum de Costas.*" Mediante este, peticionó la cantidad total de $1,660.00 en concepto de costas.

En reacción, el 30 de enero de 2024, la Junta presentó una "*Moción Informativa y en Oposición a los Honorarios y Costas.*" En síntesis, se opuso al petitorio de la parte recurrida, bajo el fundamento de que había actuado de buena fe. Posteriormente, el 21 de febrero de 2024, el foro recurrido emitió una "*Resolución.*" Mediante la cual, declaró *No Ha Lugar* el "*Memorandum de Costas.*"

En reconsideración, el 28 de febrero de 2024, la parte recurrida presentó una "*Moción sobre Imposición de Costas.*" Expuso, que la imposición de costas a la parte vencida es de carácter mandatorio en nuestro ordenamiento jurídico. A tono de ello, argumentó que la Junta debía satisfacer las costas de litigio. Añadió, que la referida parte tenía el deber de hacer una investigación diligente antes de radicar una causa de acción frívola. Por consiguiente, en virtud de la Regla 44.1 de las Reglas

de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1., solicitó que se ordenara a la Junta satisfacer el pago de costas.

En la misma fecha, la Junta presentó una "*Moción en Oposición a la Imposición de Costas.*" Argumentó, que la parte recurrida no contestó la "*Notificación de Hallazgos y Orden de Mostrar Causa.*" Por lo cual, no pudo advenir en conocimiento de que el permiso en cuestión ya había sido obtenido por dicha parte. A la luz de ello, sostuvo que los gastos incurridos en el pleito pudieron haber sido evitados por la misma parte recurrida. En virtud de lo anterior, solicitó que se declarara *No Ha Lugar* la "*Moción sobre Imposición de Costas.*"

Ante ello, el 8 de marzo de 2024, el foro recurrido notificó la "*Resolución*" que nos ocupa. En esta ocasión, reconsideró su previa determinación, y declaró *Ha Lugar* la "*Moción sobre Imposición de Costas,*" presentada por la parte recurrida. Oportunamente, el 12 de marzo de 2024, la Junta presentó una "*Moción Solicitando Reconsideración.*" Dicha moción fue declarada *No Ha Lugar* por el foro recurrido en fecha de 2 de abril de 2024.

En desacuerdo, el 2 de mayo de 2024, la Junta compareció ante nos mediante el recurso de epígrafe. A través de este señaló los siguientes errores:

> a) Erró el Tribunal de Primera Instancia al determinar que la parte apelada fue la parte prevaleciente en el caso por lo que procedía la concesión de las costas del pleito.
>
> b) Erró el Tribunal de Primera Instancia al determinar que la JP fue temeraria, por lo que procedía el pago de honorarios de abogado a favor de la parte apelada.

**II.**

**A.    *Certiorari*:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec.

3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". Íd. Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Banco Popular de Puerto Rico v. Gómez Alayón y otros*, 2023 TSPR 145; *Rivera Gómez v. Arcos Dorados Puerto Rico*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, supra, dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto. *Citibank v. ACBI,* 200 DPR 724, 736 (2018). Esta

norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde, LLC*, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Id.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Id.; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. Id. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**B.    El desistimiento:**

El desistimiento, codificado en la Regla 39.1 de Procedimiento Civil, 32 LPRA Ap. V, encarna el principio básico que reconoce que la parte demandante tiene derecho a disponer de su acción. La referida regla establece lo siguiente:

> **Regla 39.1. Desistimiento**
>
> (a)  *Por la parte demandante; por estipulación.* Sujeto a las disposiciones de la Regla 20.5, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
>
>   (1)  mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o
>   (2)  mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.
>
>     A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el

> aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente una demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.
>
> (b) *Por orden del tribunal.* A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá a la demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio.

El Tribunal Supremo ha establecido que la Regla 39.1 de Procedimiento Civil, *supra*, contiene dos esquemas distintos, pues mientras el inciso (a) contempla situaciones en las que la parte demandante podrá desistir "sin mediar orden del tribunal", el inciso (b) de dicha regla regula los desistimientos que han de ser "por orden judicial". *Agosto v. Mun. de Río Grande*, 143 DPR 174, 180 (1997).

En particular, el inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra,* también contempla dos circunstancias distintas. Al amparo del sub inciso (1) una parte demandante podrá "*desistir sin perjuicio*, sin orden del tribunal, simplemente mediante la presentación de un *aviso de desistimiento*" antes de que la parte contraria notifique su contestación o una moción de sentencia sumaria. (Énfasis en el original.) *Tenorio v. Hospital Dr. Pila*, 159 DPR 777, 783 (2003). Este mecanismo le concede a la parte demandante el derecho de remover su caso de la corte si ninguna otra parte se perjudica. *De la Matta v. Carreras*, 92 DPR 85, 93 (1965). De otra parte, el sub inciso (2) permite que el desistimiento sea por estipulación firmada por todos los que hayan comparecido al pelito. En síntesis, en cualquiera de estas circunstancias "el derecho del demandante a renunciar a su reclamo es absoluto y nada le impide que pueda demandar nuevamente". *Pramco CV6, LLC v. Delgado Cruz y Otros*, 184 DPR 453, 459 (2012). Al respecto, el tratadista Cuevas Segarra comenta que, en ambos escenarios bajo el inciso (a) de la Regla 39.1 de Procedimiento Civil, *supra*, el desistimiento será sin perjuicio lo

que "significa que aquel que solicita el desistimiento de su acción, conserva el derecho a entablar una nueva acción". J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. J.T.S., 2011, T. III pág. 1143.

Ahora bien, en casos en que la parte adversa ha contestado la demanda, ha presentado una moción de sentencia sumaria o no se ha logrado obtener una estipulación de desistimiento, se rigen por lo dispuesto en el inciso (b) de la Regla 39.1 de Procedimiento Civil, *supra*. *Pramco CV6, LLC v. Delgado Cruz y Otros*, *supra*. Este inciso "contiene una norma de excepción" que sólo regirá si no están presentes las situaciones descritas en el inciso (a) de esta regla. *Agosto Ortiz v. Mun. de Río Grande*, supra. La concesión de un desistimiento bajo la Regla 39.1(b) de Procedimiento Civil, *supra*, no es un derecho absoluto del demandante, sino que ello estará sujeto a la discreción judicial. *De la Matta v. Carreras*, *supra*, págs. 94-95. En este escenario, **el tribunal tendrá discreción para ponerle fin al pleito, y al hacerlo, imponer las condiciones que considere pertinentes para ello.** *Pagán Rodríguez v. Pres. Cáms. Legs.,* 206 DPR 277, 287 (2021); *Pramco CV6, LLC v. Delgado Cruz y Otros*, *supra*, pág. 461.

Entre las condiciones que podrá imponer está que el desistimiento sea con perjuicio, lo que haría imposible que la parte demandante inste su reclamo nuevamente, así como podrá condicionar el desistimiento "al pago de gastos y honorarios de abogado". *Íd*. Salvo que la orden en la que se acepte el desistimiento disponga lo contrario, "un desistimiento según el inciso (b) será sin perjuicio". *Íd*.; *De la Matta v. Carreras*, *supra*. De ordinario, debe concederse el desistimiento sin perjuicio "a menos que se demuestren daños". Cuevas Segarra, *op. cit.*, pág. 1147. Si bien le corresponderá al tribunal balancear los intereses, el daño deberá "ser algo más que la exposición a otra acción por los mismos hechos para que se imponga la penalidad de que el desistimiento sea con perjuicio". *Íd*. La

parte demandada deberá demostrar que perderá algún derecho sustancial a causa del desistimiento. *Íd.*

**C. Costas y honorarios de abogado:**

En nuestro ordenamiento los gastos asociados al litigio se distinguen entre costas y honorarios. En cuanto a las costas la Regla 44.1 (a) de Procedimiento Civil, 32 LPRA Ap. V., dispone que se concederán a la parte a cuyo favor se resuelva el pleito, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que concederá el tribunal son los gastos necesarios y razonables que tuvo que incurrir la parte prevaleciente del pleito en su tramitación. *Puerto Rico Fast Ferries, LLC v. Autoridad de Alianzas Público-Privadas y otros,* 2023 TSPR 121; *Rosario Domínguez et als. v. ELA et al.*, 198 DPR 197, 211 (2017). La Regla 44.1 (b) de Procedimiento Civil, 32 LPRA Ap. V., dispone que la parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de 10 días a partir del archivo en autos de copia de la notificación de la sentencia, un memorándum, rendido bajo juramento o certificación del abogado, de todas las partidas de gastos y desembolsos necesarios en que se incurrió durante la tramitación del pleito. *Class Fernández v. Metro Health Care Management System, Inc.*, 2024 TSPR 63. Cabe resaltar, que la precitada regla tiene el propósito tanto de restituir lo que una parte perdió por ser obligada a litigar como de "penalizar la litigación inmeritoria, temeraria, o viciosa […]." *Rosario Domínguez v. ELA*, supra, pág. 211-212.

Como es sabido los honorarios de abogados no forman parte de las costas anteriormente mencionadas. De ordinario cada parte se encarga de satisfacer los honorarios de su respectiva representación legal, sin embargo, la Regla 44.1 (d) de Procedimiento Civil, dispone que:

> [e]n caso que cualquier parte o su abogado haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta.

De conformidad con lo anterior, es norma reiterada que la imposición de honorarios de abogado solo procede cuando una parte

actúa con temeridad. SLG *González-Figueroa v. SLG et al.*, 209 DPR 138, 145 (2022). Se entiende que una parte ha sido temeraria cuando obliga a la otra a incurrir en gastos innecesarios al interponer pleitos frívolos o alargar innecesariamente aquellos ya presentados ante la consideración de los tribunales, o que provoque que incurra en gestiones evitables. *Domínguez v. GA Life*, 157 DPR 690, 706 (2002). Una vez el tribunal sentenciador concluye que una parte ha sido temeraria, es imperativa la imposición de honorarios de abogado.

La determinación de si una parte ha actuado o no con temeridad descansa en la discreción del tribunal. Por lo cual, los tribunales revisores solo intervendrán con tal determinación cuando surja de tal actuación un claro abuso de discreción. *Puerto Rico Oil Company, Inc. V. Dayco Products, Inc.*, 164 DPR 486, 511 (2005).

**III.**

En su recurso, la Junta plantea que las costas se conceden a la parte victoriosa. Entiende, que la parte recurrida no cumple con dicho requisito, dado que, el foro primario autorizó el desistimiento de la reclamación. Siendo así, considera que las costas del litigio solo hubieran procedido si dicho foro lo hubiera dispuesto dentro de los términos y condiciones de la "*Sentencia.*" Además, señala que la parte recurrida tampoco presentó una reconsideración a esos efectos. En virtud de ello, sostiene que es improcedente la imposición de pago de las costas del litigio. De otra parte, alega que el foro recurrido no especificó en qué consistió su temeridad. Cónsono con ello, aduce que el caso no cumple con los requisitos necesarios para que se concedan honorarios de abogado por temeridad.

Tras un examen detallado del expediente y de los argumentos de la Junta, determinamos expedir el presente auto y *confirmar* la "*Resolución*" recurrida.

Ciertamente, como regla general las costas del litigio se conceden a la parte que prevalece en el pleito. De igual forma, es cierto que la parte

recurrida no es la parte victoriosa del litigio, dado que, la causa de acción concluyó por un desistimiento. Ahora bien, según esbozamos, las solicitudes de desistimiento que son presentadas luego de que la parte adversa ha radicado una moción de sentencia sumaria, solo se concederán si media una autorización del tribunal. En ese tipo de casos, como el presente, el tribunal tiene discreción para autorizar el desistimiento e imponer las condiciones que estime pertinentes. Dichas condiciones pueden incluir la imposición de costas y honorarios de abogado a favor de la parte contra la cual se entabló la causa de acción desistida, en este caso, la parte recurrida.

Por otra parte, surge de los hechos, que en el caso de epígrafe el foro recurrido dictó un desistimiento con perjuicio. Sin embargo, en ese momento dicho foro no se expresó respecto a las solicitudes de las partes sobre las costas y honorarios de abogado. Por lo cual, ello quedó pendiente de adjudicación. Independientemente de lo anterior, la controversia sobre la concesión de costas y honorarios de abogado fue reiterada al tribunal mediante la oportuna presentación de un "*Memorandum de Costas*." En ese sentido, la parte recurrida colocó en posición al foro recurrido sobre conceder o denegar su petitorio. A este tracto procesal se le añade, que las partes tuvieron la amplia oportunidad de discutir postsentencia sus posturas con relación a la concesión de costas y honorarios de abogado. Por ejemplo, la parte recurrida presentó dos (2) peticiones sobre dicha concesión; la Junta presentó oposición en las mismas dos (2) ocasiones; y solicitó una reconsideración de la "*Resolución"* que dispuso finalmente de los gastos de litigio.

Independientemente de las circunstancias discutidas, el presente caso reúne los elementos necesarios para que se concedan costas y honorarios de abogado. Nótese, que el *"Permiso Único*" fue expedido el 17 de marzo de 2023. Mientras que la "*Notificación de Hallazgos y Orden de Mostrar Causa"* fue enviada a la parte recurrida el 16 de octubre de 2023. Entiéndase, a casi siete (7) meses de la expedición de dicho

permiso. Aún más, la presente reclamación fue instada el 27 de diciembre de 2023. Es decir, a dos (2) meses de la referida notificación y a nueve (9) meses de la expedición del permiso en cuestión. Por consiguiente, no existió una investigación adecuada de la Junta para evitar un litigio innecesario.

Así pues, los referidos acontecimientos cumplen con los requisitos suficientes para la concesión de costas. Toda vez que, la parte recurrida fue obligada a litigar una reclamación inmeritoria. De igual modo, procede la concesión de honorarios de abogado. Ello dado que, la parte recurrida tuvo que incurrir en gastos innecesarios, los cuales pudieron haber sido evitados mediante una mayor diligencia de la Junta. Por tanto, el foro primario actuó conforme a la sana discreción que le asistía para emitir el presente dictamen. En virtud de lo expuesto, y a tenor de la Regla 40 de nuestro Reglamento, *expedimos* el presente auto de *certiorari.* Esto, a los fines de *confirmar* la "*Resolución*" recurrida.

**IV.**

Por los fundamentos expuesto, se *expide* el recurso presentado y se *confirma* la determinación recurrida.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones