Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL VI

| | | |
|---|---|---|
| JORGE LUIS SANTÍN CINTRÓN<br><br>APELADO<br><br>v.<br><br>HOMERO GONZÁLEZ LÓPEZ; MARIE ELSIE LÓPEZ ADAMES, SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>APELANTES | TA2025AP00094 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV04362<br><br>Sobre: Nulidad de Sentencia |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

**Ortiz Flores, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 27 de octubre de 2025.

Comparece ante este Tribunal de Apelaciones el señor Homero González López, la señora Marie Elsie López Adames y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, apelantes) mediante el recurso de epígrafe y nos solicita que revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI), el 9 de junio de 2025 y notificada en esta misma fecha. En el aludido dictamen, el TPI autorizó el desistimiento sin perjuicio, presentado por el señor Jorge Santín Cintrón (Sr. Santín Cintrón; apelado), sin especial imposición de costas, gastos y honorarios de abogado.

Adelantamos que, por los fundamentos que expondremos a continuación, confirmamos la decisión apelada.

**I**

El presente pleito tuvo su génesis el 14 de mayo de 2024, mediante la presentación de una *Demanda Solicitando Relevo de Sentencia*

(*Demanda*) por parte del señor Sr. Santín Cintrón.[1] En dicho escrito, el Sr. Santín Cintrón solicitó al TPI que consolidara el caso iniciado con el caso SJ2022CV02148 y desestimara con perjuicio la sentencia emitida en este último por haber sido dictada sin jurisdicción sobre la persona por no haber sido emplazado conforme a las Reglas de Procedimiento Civil.[2] Además, solicitó ordenara a los apelantes devolver los $33,000.00 que le fueron incautados, más los intereses de la mencionada cantidad computados a partir de la presentación de la *Demanda* y, por último, que impusiera costas y honorarios de abogado. Posteriormente, los apelantes presentaron una *Solicitud de Sentencia Sumaria* luego de haber sometido su contestación a la *Demanda*.[3] En la referida solicitud, reclamaron que se declarara sin lugar la *Demanda* debido a que estos habían cumplido cabalmente con la Regla 4.6 de las de Procedimiento Civil en el caso SJ2022CV02148. Adicionalmente, solicitaron que se ordenara la correspondiente imposición de gastos, costas y honorarios de abogado. En respuesta a lo anterior, el Sr. Santín Cintrón presentó su oposición donde sostuvo que este no fue emplazado correctamente y arguyó que la sentencia emitida en SJ2022CV02148 no fue notificada correctamente por lo que los términos aplicables a esta no habían comenzado a discurrir. Por consiguiente, se trataba de una decisión que no era final ni ejecutable, el cual hacía ilegal el embargo de $33,000.00.[4]

Así las cosas, el TPI instruyó a las partes mediante *Orden* que mostraran causa por la cual no debía desestimarse el caso bajo los siguientes fundamentos:

- Bajo la teoría de la parte demandante en cuanto a que el emplazamiento en el caso SJ2022CV02148 no fue realizado conforme a derecho y el supuesto de que la sentencia no fue notificada conforme requerido bajo la

---

[1] SUMAC, Entrada 1 en SJ2024CV04362.
[2] El caso SJ2022CV02148 trató acerca de incumplimiento de contrato y daños y perjuicios en el cual el Sr. Santín Cintrón figuró como uno de los codemandados. En dicho pleito el Sr. Santín Cintrón fue emplazado mediante edicto al amparo de la Regla 4.6 de las de Procedimiento Civil. Al no haber comparecido el tribunal anotó su rebeldía a petición de la parte demandante. El 1 de septiembre de 2023 emitió Sentencia en Rebeldía donde declaró Con Lugar la Demanda y ordenó al Sr. Santín Cintrón a pagar a favor del demandante un total $33,000.00 más las costas y gastos del caso. El referido dictamen fue notificado por edicto.
[3] SUMAC, Entrada 19 en SJ2024CV04362.
[4] SUMAC, Entrada 31 en SJ2024CV04362.

Regla 65.3 de Procedimiento Civil, dicha sentencia no es una final y firme por lo que los remedios bajo la Regla 49.2 de Procedimiento Civil se encuentran disponibles en el caso SJ2022CV02148 y las solicitudes en el presente caso son prematuras.

- Bajo la teoría de la parte demandante, en cuanto a que la sentencia en el caso SJ2022CV02148 no fue notificada conforme requerido bajo la Regla 65.3 de Procedimiento Civil, la sentencia no es final y firme por lo que la parte demandada en el presente caso pudiera notificar la sentencia, si en efecto no se hizo, y remediar el error de notificación.[5]

Ambas partes cumplieron con lo ordenado. En su escrito, el Sr. Santín Cintrón solicitó desistir voluntariamente y sin perjuicio de su presente acción por entender que esta era prematura ya que la sentencia en el caso SJ2022CV02148 no era final y firme y este podía solicitar el relevo de dicho dictamen o el tribunal podría remediar su error mediante una re-notificación.[6] Atendidos los escritos, el foro primario dictó *Sentencia* y al amparo de la Regla 39.1 (b) de las de Procedimiento Civil declaró Ha Lugar el desistimiento sin perjuicio solicitado por el apelado sin especial imposición de costas, gastos y honorarios de abogados.[7]

Inconforme con lo anterior, los apelantes acuden ante este foro revisor y en su recurso exponen los siguientes señalamientos de error:

PRIMERO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL AUTORIZAR EL DESISTIMIENTO DEL CASO BAJO CONSIDERACIONES QUE NO ESTABAN INCLUIDAS EN LAS ALEGACIONES DE LA DEMANDA Y FUERON INCORPORADAS MEDIANTE UNA OPOSICI[Ó]N A SOLICITUD DE SENTENCIA SUMARIA, DEJANDO A LA PARTE APELANTE SUJETA INDEFINIDAMENTE A ATENDER LAS MISMAS CONTROVERSIAS EN PLEITOS DISTINTOS.

SEGUNDO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL AUTORIZAR EL DESISTIMIENTO DEL CASO HABI[É]NDOSE PRESENTADO LA CONTESTACI[Ó]N A LA DEMANDA Y ESTANDO SOMETIDA UNA SOLICITUD DE SENTENCIA SUMARIA.

TERCERO: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL AUTORIZAR EL DESISTIMIENTO DEL CASO SIN ESPECIAL IMPOSICI[Ó]N DE COSTAS, GASTOS Y HONORARIOS DE ABOGADOS A[Ú]N CUANDO LA PARTE APELADA SIEMPRE TUVO DISPONIBLE SOLICITAR UN REMEDIO DENTRO DEL MISMO CASO NÚM. SJ2022CV02148, PERO DECIDIÓ RADICAR UN PLEITO

---

[5] SUMAC, Entrada 33 en SJ2024CV04362.
[6] SUMAC, Entrada 35 en SJ2024CV04362.
[7] SUMAC, Entrada 36 en SJ2024CV04362.

SEPARADO OBLIGANDO A LA PARTE APELANTE A INCURRIR EN COSTAS Y HONORARIOS DE ABOGADOS PARA DEFENDERSE DE UNA RECLAMACI[Ó]N INMERITORIA, LA CUAL PRETENDE DESISTIR SIN M[Á]S.

Transcurrido el término para la parte apelada presentar su oposición, el recurso quedó perfeccionado sin contar con su comparecencia. Resolvemos.

## II

## A

El desistimiento se ha definido como "una declaración de voluntad que realiza una parte mediante la cual anuncia su deseo de abandonar la causa de acción que interpuso en el proceso que se encuentra pendiente". *Pagán Rodríguez v. Rivera Schatz*, 206 DPR 277, 285 (2021), que cita a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1138. A través del desistimiento, una parte expresa su intención en no continuar con la reclamación que interpuso. *Pagán Rodríguez v. Rivera Schatz*, *supra*, a la pág. 285. En nuestro ordenamiento jurídico, la Regla 39.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 39.1 (Regla 39.1), regula lo concerniente al desistimiento de los pleitos. En tal sentido, el desistimiento puede ocurrir bajo las instancias que contempla la Regla 39.1. En específico, un desistimiento puede darse por iniciativa de la parte demandante, por estipulación entre ambas partes, o por orden del tribunal. En primera instancia, el inciso (a) de la Regla 39.1 establece lo siguiente:

> [U]na parte demandante podrá desistir de un pleito sin una orden del tribunal:
>
> (1) Mediante la presentación de un aviso de desistimiento en cualquier fecha antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria, cualesquiera de éstas que se notifique primero, o
>
> (2) mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito.
>
> A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una

adjudicación sobre los méritos cuando lo presente una parte demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.

Por otro lado, en lo que concierne a los hechos de este caso, el inciso (b) de la referida disposición legal establece que, con excepción a los supuestos establecidos en el inciso anterior, "no se permitirá a la parte demandante desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y condiciones que éste estime procedentes". Añade la referida normativa, que un desistimiento bajo esta regla ha de entenderse que es sin perjuicio, salvo que el tribunal disponga lo contrario. En el escenario anterior, "el tribunal tiene discreción judicial para terminar el litigio e imponer las condiciones que estime pertinentes, entre [e]stas que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y honorarios de abogado". *Pagán Rodríguez v. Rivera Schatz*, *supra*, a la pág. 287, que cita a *Pramco CV6, LLC v. Delgado Cruz y otros*, 184 DPR 453, 461 (2012).

En resumen, el desistimiento por orden del tribunal es de aplicación "cuando la parte adversa ha contestado la demanda o ha solicitado que se dicte sentencia sumaria, o cuando no se ha conseguido una estipulación de desistimiento suscrita por todas las partes que han comparecido al pleito". *Pramco CV6, LLC v. Delgado Cruz, supra*, a la pág. 460. A esos efectos, el Tribunal Supremo ha dispuesto que el desistimiento después de haberse contestado la demanda, bajo lo dispuesto en la Regla 39.1 (b), no puede considerarse como "un derecho absoluto del demandante", pues más bien "se trata de una disposición del caso sometida a la discreción judicial bajo los términos y condiciones que el Tribunal estime conveniente". *De la Matta v. Carreras*, 92 DPR 85, 95 (1965).

**B**

En su misión de hacer justicia, la discreción es el más poderoso instrumento reservado a los jueces. *Banco Metropolitano v. Berríos*, 110 DPR 721, 725 (1981). Sin embargo, en el ámbito del desempeño judicial,

la discreción no significa poder para actuar en una forma u otra, haciendo abstracción del resto del derecho. *Banco Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). No cabe duda de que, lo anterior ciertamente constituiría un abuso de discreción. *Id.*, que cita a *Pueblo v. Sánchez González*, 90 DPR 197, 211 (1964). La "'discreción es [más bien,] una forma de razonabilidad aplicada al discernimiento judicial para llegar a una condición [j]usticiera'". *Popular de P.R. v. Mun. de Aguadilla*, *supra*, págs. 657-658.

En este contexto, debemos tener presente el alcance de nuestro rol como foro apelativo al intervenir precisamente con la discreción judicial. Así pues, es norma reiterada que este foro no habrá de intervenir con el ejercicio de la discreción del Tribunal de Instancia, salvo en caso de un craso abuso de discreción, o que el tribunal haya actuado con prejuicio y parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en la etapa apelativa evitaría un perjuicio sustancial. Véase, *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service*, 117 DPR 729, 745 (1986).

Respecto al abuso de discreción, el Tribunal Supremo pautó algunas circunstancias que constituyen tal conducta. En lo pertinente, nuestro más alto foro señaló que un tribunal incurre en un abuso de discreción cuando, sin tener fundamento para ello, no toma en consideración o ignora "un hecho material importante que no podía ser pasado por alto". *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990). Por el contrario, también se comete un abuso de discreción cuando un juez basa su decisión exclusivamente en un hecho irrelevante e inmaterial, sin justificación ni fundamento alguno para ello. *Id*. Finalmente, añade el Supremo que, un tribunal abusa de su discreción "cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez livianamente sopesa y calibra los mismos". *Id.*, pág. 212.

**C**

En lo que concierne a la imposición de costas, la Regla 44.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 44.1, establece lo siguiente:

> Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas. Las costas que podrá conceder el tribunal son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.

Nuestro Tribunal Supremo se ha expresado sobre la función reparadora de esta norma de derecho. *Aponte v. Sears Roebuck de P.R.*, 144 DPR 830, 848 (1998). "El propósito es resarcir a la parte victoriosa los gastos necesarios y razonables incurridos durante el litigio". *Id.* Asimismo, "[l]a imposición de costas a la parte vencida es mandatoria". *Id.* Por lo cual, el tribunal sentenciador debe determinar "quién fue el litigante vencedor y cuáles gastos fueron necesarios y razonables". *Id.* Por otro lado, la Regla 44.1 también permite la imposición de honorarios en caso de que cualquiera de las partes, o su abogado, procedan con temeridad o frivolidad. Así se establece en el inciso (d) de la mencionada regla, como sigue:

> En caso de que cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entienda correspondan a tal conducta. 32 LPRA Ap. V, R. 44.1 (d).

Se considera temeridad "aquella conducta que hace necesario un pleito que se pudo evitar, que lo prolonga innecesariamente o que obliga que la otra parte incurra en gestiones evitables". *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 504 (2010), que cita a *Elba A.B.M. v. U.P.R.*, 125 DPR 294, 329 (1990). Se trata de "una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la administración de la justicia". *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 779 (2001), que cita a *Elba A.B.M. v. U.P.R.*, 125 DPR, pág. 329. El propósito de la imposición de honorarios por temeridad es penalizar a la parte

perdidosa "que por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconvenientes de un pleito". *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010), que cita a *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718 (1987).  En fin, la determinación de temeridad es una que será emitida discrecionalmente por el tribunal sentenciador, por lo cual los tribunales revisores solo intervendremos en dicha determinación **cuando surja que el foro primario ha incurrido en abuso de discreción.** *Jarra Corp. v. Axxis Corp.*, 155 DPR, pág. 779, que cita a *Elba A.B.M. v. U.P.R.*, 125 DPR, pág. 329.

Ahora bien, al finalizar un pleito, puede ocurrir que varias partes resulten victoriosas. *Aponte v. Sears Roebuck de P.R.*, *supra*, pág. 848, que cita a *J.T.P. Dev. Corp. v. Majestic Realty Corp.*, 130 DPR 456, 461 (1992). De hecho, en este tipo de situaciones, el tribunal puede denegar las costas a ambas partes. *Id*, que cita a *Allen & O'Hara, Inc. v. Barret Wrecking, Inc.*, 898 F.2d 512 (7th Cir. 1990); Moore's Manual Fed. Practice Procedures, sec. 25.06[2] (Supp.). A su vez, el Tribunal Supremo de Puerto Rico también ha dicho que, si la sentencia no produce una parte victoriosa por completo, el juzgador tiene discreción para denegar la concesión de costas a favor de todas las partes. *J.T.P. Dev. Corp. v. Majestic Realty Corp.*,130 DPR, pág. 463. Resulta importante mencionar, "que la parte victoriosa es aquella a cuyo favor se resuelve una reclamación independiente, *a los fines de esa reclamación*, aun cuando en el litigio se hayan acumulado otras reclamaciones". *Id.*, pág. 465. (Énfasis en el original.)

### III

Como reseñamos en el tracto procesal, la parte apelante menciona en su recurso tres señalamientos de error. Por estos estar íntimamente relacionados entre sí, los discutiremos en conjunto.

En su primer señalamiento de error, los apelantes señalan que el TPI erró al conceder el desistimiento solicitado por el apelado al amparo de consideraciones que no estaban dentro de las alegaciones de la *Demanda*. De igual manera, en su segundo señalamiento de error adujo que el TPI erró al conceder el desistimiento luego de que la *Demanda* fue contestada y se había sometido una solicitud de sentencia sumaria. Por otro lado, también señalaron que el foro primario erró al no imponer costas ni honorarios de abogados. De entrada, resolvemos que el foro primario no cometió ninguno de los errores mencionados. Veamos.

Tal y como establece el derecho aplicable anteriormente esbozado, vemos que la Regla 39.1 de las de Procedimiento Civil dispone que una parte puede desistir de un pleito luego de contestada la demanda o presentada una moción de sentencia sumaria, mediante la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito o mediante orden del tribunal. En cuanto a esta última, el tribunal de instancia posee amplia discreción para emitirla. A tenor con los hechos del caso, el TPI concluyó que era apropiado ordenar el desistimiento solicitado sin perjuicio.

Por otro lado, la Regla 44.1(a) de las de Procedimiento Civil establece que la imposición de costas debe ser concedida a la parte a cuyo favor se resuelve el pleito, es decir, a la parte victoriosa. Incluso, nuestro más Alto Floro ha resuelto que dicha imposición es mandatoria.[8] Sin embargo, a la luz de los hechos del caso que nos ocupa, no estamos ante un supuesto donde hay una parte victoriosa o perdidosa ya que el pleito fue concluido con la concesión de un desistimiento, por lo que el caso no logró ser evaluado en sus méritos. En cambio, la Regla 44.1(d) exige una determinación de temeridad por parte del tribunal para que procedan los honorarios de abogado. Asunto que igualmente obedece a la discreción del tribunal y en el caso de marras, el foro *a quo* no determinó que el apelado haya actuado temerariamente.

---

[8] Véase *Aponte v. Sears Roebuck de P.R.*, 144 DPR 830, 848 (1998).

Al haber examinado el recurso y el expediente del caso, no vemos que el TPI haya actuado con perjuicio, parcialidad o haya incurrido en abuso ni error manifiesto que amerite intervenir con el ejercicio de su discreción. Por tal motivo, subrayamos que los errores señalados no fueron cometidos y confirmamos el dictamen emitido.

**IV**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

**Notifíquese**.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones