Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| SOL NYDIA BARRETO ROSADO<br><br>*Apelada*<br><br>v.<br><br>REYNALDI MERCADO MÉNDEZ<br><br>*Apelante* | TA2025AP00550 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Núm.: AR2024CV00379<br><br>Sobre: Liquidación y Adjudicación de Comunidad de Bienes Post Ganancial |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 28 de enero de 2026.

Comparece ante nos el señor Reynaldi Mercado Méndez (señor Mercado Méndez o apelante), mediante recurso de *Apelación* de *Sentencia* y solicita que revoquemos la *Sentencia*[1] emitida y notificada el 6 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro apelado). Mediante el referido dictamen, el TPI declaró *Ha Lugar* el *Aviso de Desistimiento*[2] presentado por la señora Sol Nydia Barreto Rosado (señora Barreto Rosado o apelada) y, en consecuencia, decretó el archivo de la *Demanda*[3], sin perjuicio, sin imposición de costas, gastos y honorario de abogados.

Por los fundamentos que expondremos a continuación, **revocamos** la *Sentencia* apelada.

## I.

Las partes de epígrafe se casaron el 21 de septiembre de 2002 en Hatillo, Puerto Rico, bajo el régimen de la sociedad de bienes

---

[1] Apéndice 76 del recurso de *Apelación*.
[2] Apéndice 72 del recurso de *Apelación*.
[3] Apéndice 1 del recurso de *Apelación*.

gananciales[4]. No obstante, el matrimonio fue declarado disuelto mediante *Sentencia*[5] dictada el 20 de marzo de 2023. A la fecha del divorcio, la señora Barreto Rosado y el señor Mercado Méndez tenían bienes y deudas sujetas a división.

Es por ello que, el **29 de febrero de 2024, la apelada instó una *Demanda*** de liquidación y adjudicación de comunidad de bienes post ganancial. Tras varios incidentes procesales, el **3 de junio de 2024, el apelante sometió su *Contestación a Demanda***[6].

Luego de varios meses, el 5 de septiembre de 2024[7], se celebró la conferencia inicial. En la misma, **el foro apelado dispuso que el descubrimiento de prueba se daría por concluido el 31 de diciembre de 2024**. Así pues, el 13 de enero de 2025[8] y el 2 de abril de 2025[9] se llevaron a cabo vistas de estado de los procedimientos.

Finalizado el descubrimiento de prueba, las representaciones legales de las partes de epígrafe se reunieron en al menos tres (3) ocasiones para confeccionar el Informe de Conferencia con Antelación a Juicio y/o concretar un acuerdo transaccional[10]. **El 24 de junio de 2025 se celebró la conferencia con antelación a juicio** y vista transaccional[11], en la cual el TPI resolvió que las partes debían de concretar el informe de conferencia con antelación a juicio[12].

El **9 de septiembre de 2025, el señor Mercado Méndez presentó *Moción Sometiendo Informe Conferencia con Antelación a Juicio***[13]. Ese mismo día, la señora Barreto Rosado

---

[4] *Íd.*, pág. 1.
[5] *Íd.*, Anejo *Sentencia de Divorcio.*
[6] Apéndice 20 del recurso de *Apelación.*
[7] Apéndice 28 del recurso de *Apelación.*
[8] Apéndice 42 del recurso de *Apelación.*
[9] Apéndice 52 del recurso de *Apelación.*
[10] Apéndice 59 del recurso de *Apelación,* pág. 1.
[11] *Íd.*
[12] Apéndice 59 del recurso de *Apelación,* pág. 2.
[13] Apéndice 60 del recurso de *Apelación.*

sometió una *Moción Informativa*[14] en la que informó al foro apelado que en el caso de divorcio había solicitado la anotación de hogar seguro en el único inmueble que tenía en común con el apelante.

Así las cosas, **el 17 de septiembre de 2025, las partes de epígrafe presentaron el *Informe de Conferencia con Antelación a Juicio***[15] junto a la prueba estipulada y dos identificaciones del apelante[16]. El mismo día, la apelada sometió una *Moción Informativa al Expediente del Tribunal Documentos de Identificación de la Parte Demandante*[17]. Al día siguiente, se celebró la Conferencia con Antelación a Juicio y quedó señalada la continuación para el 30 de octubre de 2025[18].

Pendiente a la continuación de la Conferencia con Antelación a Juicio, **el 23 de septiembre de 2025, la señora Barreto Rosado presentó una moción intitulada *Aviso de Desistimiento***. En ésta, adujo que:

> Motivada en el mejor interés y bienestar de sus hijos menores de edad, procreados con el demandado de epígrafe, quienes poseen un derecho a permanecer en la vivienda familiar, conforme las disposiciones del art 477 del Código Civil de Puerto Rico. (31 L.P.R.A. § 6851), lo cual la aquí compareciente no tuvo otra alternativa que solicitar por motivo de las circunstancias particulares que acarrean su caso. Ruego que se encuentra ante la consideración de la Sala de Familia de este Honorable Tribunal, bajo el expediente del caso de Divorcio (AR2022RF00934)[19].

---

[14] Apéndice 61 del recurso de *Apelación*.
[15] Apéndice 64 del recurso de *Apelación*.
[16] *Íd.*, Anejos: *Sentencia de Divorcio, Copia de Inventario, Escritura de Compraventa Número 38, Informe de Tasación, Estado de Cuenta Hipotecario Número de Cuenta 0705271401, Escritura sobre Aplicación de Hipoteca Número 84, Historial de Transacciones Préstamo Personal, Estado de Cuenta Jetblue, Estado de Cuenta de Préstamo Hipotecario con Número de Préstamo 0705271401, Certificación de Balance Sobre Aportación de Sistema de Retiro, Certificación de Balance Sobre Aportación Realizada a la Cuenta AEELA, Planilla sobre Contribución de Ingreso Correspondiente a Reinaldy Mercado Méndez, Planilla sobre Contribución de Ingresos de Sol Nydia Barreto Rosado del 2022, Estado de Cuenta 227-387547 periodo 28 de febrero de 2023 hasta 30 de marzo de 2023, Certificación emitida por Banco Popular 9 de marzo de 2023 para la cuenta 7774 Refleja Balance de dinero sobrante del préstamo SBA. Certificación emitida por Banco Popular que cubre el periodo del 28 de febrero de 2023 al 31 de marzo de 2023, Certificación de cuenta de cheque del demandado emitida por el Banco Popular periodo 28 de febrero de 2023 al 31 de marzo de 2023, Factura emitida por Green Global Solutions, Certificación del Departamento de Transportación y Obras Públicas 15 de noviembre de 2022, Licencia de Vehículo de motor Suzuki Grand Vitara X-Sport 2011, Identificación 1 Demandada Historial de pago SBA e Identificación 2 Demandada evidencia préstamos hipotecarios.*
[17] Apéndice 67 del recurso de *Apelación*.
[18] Apéndice 71 del recurso de *Apelación*.
[19] Apéndice 72 del recurso de *Apelación*.

En igual fecha, el TPI emitió y notificó una *Orden*[20] en la cual le concedió al apelante un término de diez (10) días para que presentara su posición. Transcurrido el término dispuesto y sin que el señor Mercado Méndez presentara su oposición, el 6 de octubre de 2025, la apelada sometió una *Moción Solicitando se Emita Sentencia Decretando Ha Lugar Desistimiento Sin Perjuicio*[21].

Evaluada la solicitud de la señora Barreto Rosado, ese mismo día, el foro apelado emitió y notificó una *Sentencia* en la cual dictaminó lo siguiente: "[e]n virtud de lo dispuesto en la Regla 39.1 de las de Procedimiento Civil de 2009[22], el Tribunal declara Ha Lugar lo solicitado y, en consecuencia, se decreta el archivo de la Demanda presentada, sin perjuicio. No se impone costas, gastos ni honorarios de abogado"[23].

Por su parte, el 15 de octubre de 2025, el apelante presentó una *Solicitud de Reconsideración de Sentencia de Archivo*[24]. En la misma, expuso las razones por las cuales no presentó la oposición en el término concedido y acompañó dos (2) certificados médicos[25]. Asimismo, adujo que:

> Permitir un desistimiento luego de concluido el descubrimiento de prueba, en medio de la Conferencia con antelación a juicio para la resolución de una causa de acción justiciable y madura causaría un perjuicio sustancial a esta parte, quien ha invertido durante este tiempo esfuerzo y dinero para liquidar la comunidad de bienes pos ganancial que mantiene con la demandante[26].

De igual forma, expresó que deseaba que continuara "con la liquidación de la comunidad de todos los bienes y deudas de la comunidad, con excepción del que fue el hogar conyugal y su acreencia hipotecaria"[27]. Por ello, solicitó que se continuaran los

---

[20] Apéndice 73 del recurso de *Apelación*
[21] Apéndice 74 del recurso de *Apelación*.
[22] 32 LPRA Ap. V, R. 39.1.
[23] Apéndice 76 del recurso de *Apelación*.
[24] Apéndice 77 del recurso de *Apelación*.
[25] *Íd.*, Anejos: *Certificado Médico 30 de septiembre de 2025 y Certificado Médico 14 de octubre de 2025.*
[26] Apéndice 77 del recurso de *Apelación*, pág. 3.
[27] *Íd.*

procedimientos y que se permitiera la enmienda al *Informe de Conferencia con Antelación a Juicio* a los efectos de excluir el inmueble y la deuda[28].

Sin embargo, el 17 de octubre de 2025, el TPI emitió y notificó una *Resolución Interlocutoria*[29] en la cual declaró *No Ha Lugar* la reconsideración del apelante.

Inconforme con la determinación, el 17 de noviembre de 2025, el señor Mercado Méndez presentó la *Apelación de Sentencia* de epígrafe y le imputó al foro apelado la comisión de los siguientes errores:

PRIMER SEÑALAMIENTO DE ERROR:
Erró el Tribunal de Primera Instancia, Sala Superior de Arecibo, al atender un Aviso de Desistimiento como una solicitud de desistimiento, sobre todo cuando la súplica de la apelada fue que se diera por enterado del aviso y no fundamentó su súplica en ninguna de las reglas de las de Procedimiento Civil.

SEGUNDO SEÑALAMIENTO DE ERROR:
Erró el Tribunal de Primera Instancia, Sala Superior de Arecibo, al acoger el Aviso de Desistimiento presentado por la apelada, quien lo fundamentó en derecho de familia, a pesar de estar ante su consideración un caso civil de liquidación de comunidad —sin existir decreto judicial sobre dicha materia de familia— y desatender la súplica del apelante de que se continuara el pleito de liquidación, excluyendo el inmueble que constituye la vivienda familiar.

TERCER SEÑALAMIENTO DE ERROR:
Erró el Tribunal de Primera Instancia, Sala Superior de Arecibo, al no establecer en su Sentencia en virtud de cuál inciso de la Regla 39.1 de Procedimiento Civil decretó el archivo por desistimiento, lo que privó o limitó el derecho constitucional al debido proceso de ley al apelante.

CUARTO SEÑALAMIENTO DE ERROR:
Erró el Tribunal de Primera Instancia, Sala Superior de Arecibo, en el ejercicio de su discreción, al permitir el desistimiento sin emitir orden y sin establecer en su Sentencia cuál era la excepción que autorizaba dicho desistimiento ni los términos y condiciones que lo hacían permisible conforme a la Regla 39.1 de Procedimiento Civil.

QUINTO SEÑALAMIENTO DE ERROR:
Erró el Tribunal de Primera Instancia, Sala Superior de Arecibo, al permitir en una etapa avanzada de los procedimientos el desistimiento de la parte demandante bajo la Regla 39.1 de Procedimiento Civil, sin imponer honorarios y costas a favor del apelante, causándole perjuicio.

---

[28]Apéndice 77 del recurso de *Apelación*, pág. 4.
[29] Apéndice 78 del recurso de *Apelación*.

El 18 de noviembre de 2025[30], emitimos una *Resolución* en la cual le concedimos a la apelada hasta el 18 de diciembre de 2025 para que presentara su alegato en oposición.

Transcurrido en exceso dicho término, sin que la apelada se expresara, damos por perfeccionado el recurso ante nuestra consideración y procedemos a resolver sin el beneficio de su comparecencia.

## II.

El desistimiento es aquella declaración de voluntad que realiza una parte por medio de la cual anuncia su deseo de abandonar su causa de acción en el proceso en el cual se encuentra pendiente[31]. De igual manera, el desistimiento encarna el principio básico que reconoce que la parte demandante "tiene derecho a disponer de su acción" y ocurre cuando una o todas las partes desisten de tramitar su acción ante el tribunal[32].

La Regla 39.1 de las de Procedimiento Civil, *supra,* regula las distintas formas de desistimiento de las reclamaciones judiciales en el ámbito civil. En específico, la precitada regla dispone lo siguiente:

(a) *Por la parte demandante; por estipulación.* Sujeto a las disposiciones de la Regla 20.5 de este apéndice, una parte demandante podrá desistir de un pleito sin una orden del tribunal:
(1) Mediante la presentación de un aviso de desistimiento en cualquier fecha **antes de la notificación por la parte adversa de la contestación o de una moción de sentencia sumaria**, cualesquiera de éstas que se notifique primero, o
(2) mediante **la presentación de una estipulación de desistimiento firmada por todas las partes que hayan comparecido en el pleito**.
A menos que el aviso de desistimiento o la estipulación exponga lo contrario, el desistimiento será sin perjuicio, excepto que el aviso de desistimiento tendrá el efecto de una adjudicación sobre los méritos cuando lo presente una parte demandante que haya desistido anteriormente en el Tribunal General de Justicia, o en algún tribunal federal o de cualquier estado de Estados Unidos de América, de otro pleito basado en o que incluya la misma reclamación.
(b) *Por orden del tribunal.* A excepción de lo dispuesto en el inciso (a) de esta regla, no se permitirá a la parte demandante

---

[30] Notificada el 21 de noviembre de 2025.
[31] *Pagán Rodríguez v. Rivera Schatz,* 206 DPR 277, 285 (2021).
[32] R. Hernández Colón, *Práctica Jurídica de Puerto Rico, Derecho Procesal Civil,* 6ta ed. rev., San Juan, Lexisnexis de Puerto Rico, Inc., 2017, pág. 414.

desistir de ningún pleito, excepto mediante una orden del tribunal y bajo los términos y las condiciones que éste estime procedentes. A menos que la orden especifique lo contrario, un desistimiento bajo este párrafo será sin perjuicio[33].

**En el caso que nos ocupa, el inciso (b) de la Regla 39.1 de las de Procedimiento Civil,** *supra***, aplica cuando la parte adversa ha contestado la demanda**, **ha solicitado que se dicte sentencia sumaria, o cuando no se ha logrado una estipulación de desistimiento suscrita por las partes. (Énfasis nuestro). Bajo este escenario, la parte demandante debe presentar una moción al tribunal, la cual deberá notificarle a todas las partes en el pleito, para así renunciar en cuanto a la continuación de este[34].**

**No obstante, lo antes esbozado no es un derecho absoluto del demandante[35], sino que, "el tribunal tiene discreción judicial para terminar el litigio e imponer las condiciones que estime pertinentes; entre estas, que el desistimiento sea con perjuicio e incluso que se ordene el pago de costas y honorarios de abogado"[36].** (Énfasis nuestro).

**Salvo que la orden en la que se acepte el desistimiento disponga lo contrario, "un desistimiento según el inciso (b) será sin perjuicio"[37].** (Énfasis nuestro). De ordinario, debe concederse el desistimiento sin perjuicio "a menos que se demuestren daños"[38]. Si bien le corresponderá al tribunal balancear los intereses, el daño deberá "ser algo más que la exposición a otra acción por los mismos hechos para que se imponga la penalidad de que el desistimiento sea con perjuicio"[39]. La parte demandada deberá demostrar que perderá algún derecho sustancial a causa del desistimiento[40].

---

[33] Regla 39.1 de las de Procedimiento Civil, *supra*.
[34] *Pagán Rodríguez v. Rivera Schatz, supra*, pág. 287.
[35] *De la Matta v. Carreras*, 92 DPR 85, 95 (1965).
[36] *Pagán Rodríguez v. Rivera Schatz, supra*, pág. 287.
[37] *Pramco CV6, LLC v. Delgado Cruz y Otros*, 184 DPR 453, 461 (2012).
[38] J. A. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., San Juan, Pubs. J.T.S., 2011, T. III pág. 1147.
[39] *Íd.*
[40] *Íd.*

**III.**

En el caso de marras, la señora Barreto Rosado presenta un *Aviso de Desistimiento*, luego de la presentación de la *Contestación a Demanda* por parte del apelante. Por su parte, el TPI emitió y notificó una *Sentencia* en la cual declaró *Ha Lugar* el petitorio de la apelada.

En vista de lo anterior, el señor Mercado Méndez acude a este foro y arguye que el TPI incide al tratar el *Aviso de Desistimiento* como una solicitud formal de desistir sin que la apelada lo fundamentara en una regla procesal; al aceptar el desistimiento basándose en derecho de familia a pesar de tratarse de un caso civil de liquidación de comunidad, al no explicar en la *Sentencia* el fundamento específico bajo la Regla 39.1 de las de Procedimiento Civil, *supra*, y al permitir el desistimiento en una etapa avanzada del litigio sin imponer costas ni honorarios. Por estar íntimamente relacionados los señalamientos de error, los atenderemos de forma conjunta.

La Regla 39.1 de las de Procedimiento Civil[41], *supra*, provee distintos escenarios para que una parte demandante pueda desistir de su reclamación. Ahora bien, del análisis efectuado, podemos colegir que dicha regla responde a la declaración de voluntad del demandante que anuncia su deseo de finalizar el proceso que interpuso. Dicha voluntad está limitada y depende de la etapa procesal del caso. Es por ello que, si la parte demandada no ha comparecido, la Regla 39.1(a)(1) de las de Procedimiento Civil[42] reconoce el derecho absoluto a desistir y el tribunal no tiene que condicionar el desistimiento. Esto responde al hecho que nos encontramos en la etapa inicial del caso y la parte demandada no ha tenido molestias ni gastos.

---

[41] 32 LPRA Ap. V, R. 39.1.
[42] *Íd.*

Por otro lado, cuando la parte demandada ya ha comparecido al pleito, la Regla 39.1 (a)(2) requiere que se presente el desistimiento por estipulación. Por supuesto, en esta circunstancia se podrá presentar el desistimiento en cualquier momento, ya que cuenta con la anuencia de la parte demandada. Por lo cual, el aviso de desistimiento antes de que comparezca la parte demandada o el desistimiento **por estipulación** es sin perjuicio como regla general, y la parte conserva el derecho de entablar una nueva acción.

En el presente caso, la solicitud de desistimiento se realiza no sólo posterior a la comparecencia de la parte apelante sino en una etapa avanzada de los procedimientos. Por lo tanto, la solicitud de desistimiento solamente podía concederse con el permiso del tribunal a tenor de la Regla 39.1(b) de las de Procedimiento Civil[43]. Debemos indicar que el tribunal, en el ejercicio de su discreción, puede imponer las condiciones que estime necesarias y aceptar el desistimiento de la parte apelada sin la anuencia de la parte apelante. La Regla 39.1(b) de las de Procedimiento Civil[44] no requiere que la otra parte esté de acuerdo como lo exige el inciso (a)(2). Solamente se requiere el ejercicio razonable de la discreción judicial.

Aquí, nos corresponde evaluar si el TPI ejerció razonablemente la discreción judicial al conceder el desistimiento o el archivo de la reclamación sin perjuicio sin costas ni honorarios. Veamos.

El 23 de septiembre de 2025, la apelada presenta un escueto *Aviso de Desistimiento*. Inmediatamente, el TPI emite una *Orden* para que la parte apelante fije su posición en los próximos diez (10) días. Vencido el término y sin la comparecencia de la parte apelante, la apelada presenta una sucinta *Moción Solicitando se Emita Sentencia Decretando Ha Lugar Desistimiento Sin Perjuicio*[45]. Ese

---

[43] *Íd.*
[44] *Íd.*
[45] Entrada núm. 74 SUMAC TPI.

mismo día, el TPI emite *Orden*, dicta *Sentencia* y, en consecuencia, decreta el archivo de la demanda presentada sin perjuicio, sin imposición de condiciones. La parte apelante presenta *Solicitud de Reconsideración de Sentencia de Archivo*[46], en la cual incluye dos (2) certificados médicos. Alega que la solicitud de la apelada es a destiempo y contraria a los mejores intereses de la justicia. Razona que, permitir un desistimiento luego de concluido el descubrimiento de prueba y en medio de la Conferencia con Antelación a Juicio para la resolución de una causa de acción justiciable y madura, causaría un perjuicio sustancial a esta parte, quien ha invertido durante este tiempo esfuerzo y dinero para liquidar la comunidad de bienes post ganancial que mantiene con la apelada. Esboza que el comunero no está obligado a permanecer en la comunidad y tiene derecho a pedir en cualquier tiempo que se divida la cosa común [...]"[47] . Solicita que se continúe con la liquidación de la comunidad de todos los bienes y deudas de la comunidad, con excepción del que fue el hogar conyugal y su acreencia hipotecaria. Así como, mantenga en todo su efecto y vigor la vista de continuación de conferencia con antelación a juicio y permita la enmienda al Informe de Conferencia con Antelación a Juicio a los efectos de excluir el inmueble y la deuda. La petición fue declarada *No Ha Lugar* por el TPI.

Por lo antes expuesto, la Regla 39.1 de las Reglas de Procedimiento Civil, *supra,* prohíbe la solicitud de desistimiento unilateral por parte del demandante en etapas avanzadas del procedimiento. Así las cosas, solamente procedía decretar el desistimiento por el tribunal al amparo del inciso (b) de la Regla 39.1 de las Reglas de Procedimiento Civil[48]. Precisamente, dicho inciso sirve el propósito de <u>garantizar un trámite justo para las partes, y</u>

---

[46] Entrada núm. 77 SUMAC TPI.
[47] 31 LPRA secc. 8223.
[48] 32 LPRA Ap. V, R. 39.1 (b).

<u>evitar gastos innecesarios al demandado o que este se vea afectado por un desistimiento voluntario del demandante en una parte avanzada del pleito.</u>

Colegimos que, el foro primario debió evaluar dicha solicitud de desistimiento al amparo del inciso (b) de la Regla 39.1 de las de Procedimiento Civil, *supra.* Esto, ya que, al no existir una estipulación de desistimiento firmada por todas las partes en el pleito, la única forma que el demandante podía desistir de su acción era mediante autorización del tribunal. Para así actuar, correspondía al tribunal conceder al demandado los veinte (20) días que confiere la Regla 8.4 de Procedimiento Civil[49] para expresarse sobre dicha solicitud. Y así también, considerar y disponer de la misma luego de evaluar la solicitud del pago de costas, gastos y honorarios de abogados solicitados por la parte demandada.

Fíjese que estamos ante un caso de liquidación de comunidad de bienes y no de asuntos de derecho de familia. La parte apelante se allana a que el inmueble (la residencia que fue la conyugal) y su obligación hipotecaria permanecieran en indivisión mientras los hijos menores tuvieran derecho de hogar seguro. Cónsono con lo anterior, procede continuar la división de la comunidad de bienes post ganancial respecto a la totalidad de otros bienes y deudas identificados en el Inventario.

Por todo lo antes expuesto, procede revocar la sentencia apelada, la señora Barreto Rosado y de esta forma, deberá cumplir con la determinación judicial decretada el 18 de septiembre de 2025 concerniente a la enmienda al Informe de Conferencia con Antelación a Juicio a los fines de excluir el inmueble ganancial donde reside junto a los menores, y de esta forma, ordenamos la continuación de los procedimientos.

---

[49] 32 LPRA Ap. V, R. 8.4.

**IV.**

Por los fundamentos que anteceden, se ***revoca*** la *Sentencia* apelada y se devuelve el caso al TPI para que actúe conforme a lo aquí dispuesto[50].

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[50] Este asunto fue discutido en la audiencia celebrada el 18 de septiembre de 2025 en la cual se dispuso: "En relación con las controversias incluidas por la parte demandante se debe reestructurar la Núm. 3 por el asunto de la solicitud de Hogar Seguro y se elimina la controversia Núm. 4". Entrada núm. 71 SUMAC TPI.